OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
The finding that the defendant’s prearraignment oral and written confessions were voluntary, having support in the record, is beyond our review (People v Anderson, 42 NY2d 35, 38-39; People v Leonti, 18 NY2d 384, 389, cert den 389 US 1007). Moreover, absent extraordinary circumstances, a delay in arraignment is but a factor to consider on an issue of underlying involuntariness (People v Holland, 48 NY2d 861; People v Dairsaw, 46 NY2d 739). And such a delay does not cause the right to counsel to attach automatically. In any event, in the present case, the unexpected revelations concerning the two unsolved murders were more than sufficient justification for postponing the originally scheduled arraignment to a later time (contrast *1082 People v Lockwood, 44 NY2d 769, revg on dissent of Justice Capozzoli at 55 AD2d 17, 20-25).
Nor on the record and the findings here can we say as a matter of law that the confessions were suppressible by reason of a per se deprivation of defendant’s right to counsel as delineated under the line of cases which fixes its entitlement as of the commencement of formal adversary proceedings, here the arraignment (People v Wilson, 56 NY2d 692).
Not applicable either is the Donovan-Arthur rule (People v Donovan, 13 NY2d 148; People v Arthur, 22 NY2d 325), which precludes questioning in counsel’s absence once counsel in fact has entered the picture (see People v Angus, 56 NY2d 549, affg 81 AD2d 971). In this regard, the record is undisputed that, whatever may have been the inchoate intention with respect to the entry of counsel at the originally scheduled time of arraignment, it did not go forward at that time. Rather, as found below, such assignment did not come into being until the arraignment actually took place and then only in the form of an attorney different from the one the City Court originally had in mind. Relatedly, also there was a finding that the defendant — 29 years of age, intelligent as judged by manner and appearance, as well as a former student of criminology — personally declined prearraignment offers of counsel (People v Angus, supra; contrast People v Cunningham, 49 NY2d 203).
With respect to the additional confession made to a deputy sheriff assigned to guard the defendant at the county jail after he was remanded and counsel indeed had been assigned, it is to be remembered that not all remarks uttered by law enforcement personnel constitute impermissible interrogation (People v Lynes, 49 NY2d 286, 294; People v Garofolo, 46 NY2d 592, 603). In this perspective, suffice it to say that the finding of spontaneity finds support in the record (People v Rivers, 56 NY2d 476; People v Roucchio, 52 NY2d 759, 760; contrast People v Lanahan, 55 NY2d 711).
Defendant’s further contention that his privilege against self incrimination was infringed when, at the trial, the court permitted cross-examination about a collateral *1083 matter which, over objection, had been elicited from the defendant at the Huntley hearing, must be rejected. But, whatever merit there may be to the contention that a defendant who chooses to take the witness stand at trial waives the privilege only with respect to matters probative of guilt or innocence and not to those relevant to credibility alone (compare, e.g., People v Johnston, 228 NY 332, 340, with People v Tice, 131 NY 651; McCormick, Evidence [2d ed], § 42, p 84; § 132, pp 278-279), it is not necessary for us to reach that question here (cf. People v Brown, 72 NY 571, 573). For, if error, it was harmless. Specifically, the detailed and graphic confessions, once these were properly found admissible, when added to the corroborative web of circumstantial evidence, presented a picture of guilt so overwhelming that it left no reasonable possibility that the evidence in question contributed to the conviction (People v Crimmins, 36 NY2d 230; cf. People v Schaeffer, 56 NY2d 448).
Finally, although the prosecutor’s opening and summation are not deserving of accolades, and some remarks would have been better left unsaid, we cannot say that the defendant was deprived of a fair trial (People v Galloway, 54 NY2d 396; contrast People v Bailey, 58 NY2d 272).
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg, Meyer and Simons concur.
Order affirmed in a memorandum.