■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK WILSON, Appellant.—Appeals by the defendant (1) from three judgments of the County Court, Suffolk County (Doyle, J.), all rendered February 26, 1980, convicting him of murder in the second degree (three counts) under indictment No. 646/79, upon a jury verdict, rape in the first degree under indictment No. 735/79, and sexual abuse in the first degree under indictment No. 734/79, upon his pleas of guilty, and imposing sentences, and (2) by permission, from an order of the same court (Vaughn, J.), dated January 21, 1986, which denied his motion to vacate the judgments. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgments and order are affirmed.

On March 9, 1979, at about 1:45 A.M., the defendant, Patrick Wilson, and a codefendant, Donald Snyder, were arrested on charges arising from the March 8, 1979 sexual abuse of a female victim. The codefendants arrived at the police precinct at about 2:25 A.M., and were separately questioned about these crimes. During his interview, the defendant gave a full oral and written confession to the crime, and also confessed to a rape of another victim which occurred on January 18, 1979. The defendant was taken to a detention cell at about 6:00 A.M.

Thereafter, at approximately 2:45 P.M., the defendant was questioned by two detectives from the homicide unit concerning the October 20, 1978 rape and murder of yet another victim. He confessed to these crimes, executed a detailed written statement at approximately 4:00 P.M., and provided the detectives with a diagram of the areas where the crimes took place. He also identified crime scene photographs as well as certain rope recovered at the scene that was used to strangle the victim. By about 4:30 P.M., the defendant participated in lineups conducted in connection with the crimes which occurred on March 8, 1979 and January 18, 1979.

The defendant' confessions to the crimes involved in all three cases included statements implicating the codefendant, who likewise confessed to all of the crimes, providing statements incriminating the defendant and corroborating, in substantial part, the details of the crimes described to the police by the defendant.

Although the defendant and the codefendant were transported to the District Court, Suffolk County, First District, for arraignment at approximately 6:00 P.M., the Judge assigned there was unexpectedly unavailable. They were then taken to the District Court, Suffolk County, Fifth District, where they were ultimately arraigned between 8:00 and 8:30 P.M. on charges arising from all three cases.

With respect to the murder, following a joint trial by jury, at which neither of the codefendants testified, the defendant was convicted of three counts of murder in the second degree. Thereafter, he pleaded guilty to rape in the first degree in satisfaction of the charges arising from the January 18, 1979 incident, and to sexual abuse in the first degree in satisfaction of the charges related to the March 8, 1979 incident.

Although the defendant presents numerous contentions on this appeal urging the reversal of all his convictions, we find that the claimed errors are either not properly preserved for appellate review or are without any merit. We note that the record contains overwhelming evidence of the defendant's guilt, and contrary to the defendant's assertions, we conclude that, under the circumstances of this case, his trial attorney aggressively pursued his defense and provided him with meaningful representation (see, People v Baldi, 54 NY2d 137, 146-147).

We reject the defendant's contention that the hearing court erred in failing to suppress his statements concerning the homicide. The evidence supports the court's conclusion that the defendant knowingly and voluntarily waived his rights, repeatedly consenting to speak to the police without the presence of counsel (see, People v Prochilo, 41 NY2d 759, 761). The defendant has also failed to demonstrate that there was an unnecessary delay in his arraignment or that the delay was in any way designed to deprive him of his right to counsel (see, People v Hopkins, 58 NY2d 1079, 1081). The testimony of the witnesses at the suppression hearing indicates that the delay was caused in substantial part by the difficulties encountered in locating suitable participants to conduct fair and impartial lineups. Moreover, the unexpected information suggesting the defendant's involvement in the unresolved homicide provided sufficient justification for postponing the defendant's arraignment for the crimes to which he had confessed, in order to question him about the homicide (see, People v Hopkins, supra). Niehoff, J. P., Mangano, Bracken and Eiber, JJ., concur.