■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ADAM MOSLEY, Respondent.—Appeal by the People from so much of an order of the County Court, Suffolk County (Namm, J.), dated on March 27, 1987, as, after a hearing, granted those branches of the defendant's omnibus motion which were to suppress certain oral and written statements made by him to the police and testimony identifying him at certain lineups.

Ordered that the order is modified, on the law, by deleting the provision thereof which granted that branch of the defendant's omnibus motion which was to suppress testimony concerning his identification at certain lineups and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, and

the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

The suppression court found that the defendant was arrested without a warrant at approximately 5:15 P.M. on the evening of April 24, 1986, on charges of attempted robbery, and his arraignment on those charges did not take place until some 40 hours later on the morning of April 26, 1986. At about 6:00 to 6:30 P.M. on April 24, 1986, shortly after his arrest, the defendant confessed to the charge of tampering with a witness. This confession was elicited after the police played for the defendant tape recordings of threatening telephone calls which he had made on behalf of his friend Barry Manuel. The hearing court found that during the hours which followed, the defendant was subjected to continuous interrogation about several different crimes, but primarily, the police sought to elicit information from the defendant regarding his participation in a robbery and murder of which he was suspected, and for which the defendant's friend Barry Manuel had already been arrested. The defendant was interrogated for approximately 24 hours, but he refused to make any statement concerning the robbery and murder. The hearing court credited the defendant's testimony that he repeatedly refused to make any statement at least until he was shown a copy of the statement which the police alleged had been given by Barry Manuel in which Manuel had supposedly implicated the defendant. The court found that no such statement was ever produced or shown to the defendant. During this time the defendant was also placed in a series of lineups from which he was identified by two witnesses as having been seen in the vicinity of the robbery and murder on the night it occurred.

The court's factual findings as to what had transpired at the precinct during the 40 hours before the defendant was finally arraigned led to its conclusion that the evidence which was acquired on April 25, 1986, to wit, the defendant's confession to the robbery and murder, and lineup identification testimony with respect to that and other crimes, should be suppressed. Specifically, the court found that there was an unnecessary delay in that the defendant could have and should have been arraigned on the morning of April 25 with respect to the charge of attempted robbery for which he was originally arrested, and on the charge of tampering with a witness to which he confessed shortly after his arrest.

In this State, as a general rule, unnecessary delay in arraignment, without more, does not cause the accused's critical-stage right to counsel to attach automatically and, absent

extraordinary circumstances, a delay in arraignment is but one factor to be considered in assessing the voluntariness of a confession *(People v Hopkins,* 58 NY2d 1079; *People v Holland,* 48 NY2d 861; *People v Dairsaw,* 46 NY2d 739, *cert denied* 440 US 985; *People v Crosby,* 91 AD2d 20, *lv denied* 59 NY2d 765). However, where there has been unnecessary delay in filing the accusatory instrument or in arraignment, and the police have caused this delay for the purpose of depriving the defendant of his critical-stage right to counsel, it will be deemed to have attached *(People v Wilson,* 56 NY2d 692; *People v Cooper,* 101 AD2d 1).

At bar, the record clearly supports a finding that the defendant's arraignment was delayed for the sole purpose of eliciting a confession from him with respect to the uncharged robbery and murder case. Insofar as the court found that the defendant could have and should have been arraigned on the morning of April 25, 1986, the court properly concluded that the defendant's right to counsel had indelibly attached at that time and that the subsequent confession to the robbery and murder would not otherwise have been obtained *(see, People v Hopkins, supra).*

However, contrary to the conclusions of the hearing court, we find that the lineup identifications of the defendant should not have been suppressed pursuant to the "fruit of the poisonous tree" doctrine *(e.g., Wong Sun v United States,* 371 US 471). As a matter of law, the defendant was not entitled to request the opportunity to obtain counsel to be present at the lineup procedures *(see, People v Hawkins,* 55 NY2d 474, *rearg denied sub nom. People v Laffosse,* 56 NY2d 1032, *cert denied* 459 US 846). Therefore, no violation of the right to counsel can be said to have occurred at that juncture.

Accordingly, the order appealed from is modified to deny that branch of the defendant's omnibus motion which was to suppress testimony identifying him at certain lineups. Mangano, J. P., Eiber, Sullivan and Harwood, JJ. concur.