■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALVATORE T. NASTA, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Baker, J.), rendered July 19, 1985, convicting him of murder in the second degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements by him made to law enforcement officials.

Ordered that the judgment is affirmed.

We reject the defendant's contention that the hearing court erred in failing to suppress his statements concerning the homicides. The defendant's inculpatory statements were sufficiently attenuated from any illegal detention to remove any possible taint inherent therein (see, People v Rogers, 52 NY2d 527, cert denied 454 US 898, reh denied 459 US 898; cf., People v Harris, 72 NY2d 614). Further, the evidence supports the hearing court's finding that the defendant knowingly and voluntarily waived his Miranda rights, repeatedly agreeing to speak to the police without the presence of counsel. The arguments advanced by the defendant to support his claim that the statements were obtained through coercion are without merit (see, People v Gagne, 129 AD2d 808, 810-811, lv denied 70 NY2d 704, 71 NY2d 1027; cf., People v Anderson, 42 NY2d 35, 38). The defendant has also failed to demonstrate that there was an unnecessary delay in his arraignment or that the delay was in any way designed to deprive him of his right to counsel (see, People v Hopkins, 58 NY2d 1079, 1081).

The imposition of consecutive rather than concurrent sentences was appropriate and we decline to substitute our judgment for that of the sentencing court (see, People v Sanchez, 131 AD2d 606, 608-609, lv denied 70 NY2d 717).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.