■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE BOARDMAN, Appellant.—Appeal by the defendant from a judgment of the County Court, Rockland County (Meehan, J.), rendered January 27, 1988, convicting him of endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (5).

Contrary to the defendant's contentions, the inculpatory statements elicited during a prearraignment interrogation were not violative of his indelible right to counsel. At the time the statements were elicited, there had neither occurred the commencement of formal judicial proceedings nor any other significant judicial activity which could be construed as implicating the defendant's indelible right to counsel *(see, People v Avery,* 129 AD2d 852, 854, *lv denied* 70 NY2d 642; *People v Medvecky,* 95 AD2d 921, 922; *see also, People v Wilson,* 56 NY2d 692; *People v Samuels,* 49 NY2d 218). Moreover, there is no evidence that the 10 hours which ensued between the defendant's arrest and his arraignment was for the primary purpose of avoiding the effect of the *Samuels* rule, as the defendant contends *(see, People v Williams,* 120 AD2d 630, 631, *lv denied* 68 NY2d 761). In any event, even if the delay could be construed as improper, "unwarranted delay in arraignment is but one of the many pertinent factors bearing on the question of the voluntariness and, therefore, admissibility of a defendant's inculpatory statements" *(see, People v Dairsaw,* 46 NY2d 739, 740, *cert denied* 440 US 985; *People v Hopkins,* 58 NY2d 1079; *People v Holland,* 48 NY2d 861;

*People v Norris,* 122 AD2d 82, 83, *lv denied* 68 NY2d 916). In short, the record provides no support for the defendant's contention that the police obtained his statements in violation of his right to counsel.

The defendant further argues that the court erred in charging the jury that the "evidence need not establish with certainty the exact date of the alleged offense" provided that it establishes "beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment". We disagree. Since time was not a material element of the crime charged, the court's instruction was proper *(see, People v Drake,* 61 NY2d 359, 363; *cf., People v Grega,* 72 NY2d 489; *People v Feldman,* 50 NY2d 500, 504; *People v La Marca,* 3 NY2d 452, *cert denied* 355 US 920).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rubin and Kooper, JJ., concur.