■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN DORCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered October 28, 1987, convicting him of robbery in the second degree, robbery in the third degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

We find that the hearing court erred in denying the defendant's motion to suppress testimony regarding the showup identification of the defendant at the police precinct. The People failed to establish the existence of exigent circumstances warranting a showup procedure. Nor did they establish that it would have been unduly burdensome to conduct a lineup procedure in its stead. The record, moreover, supports a finding that the station house identification of the defendant was unduly suggestive. Accordingly, evidence relating thereto should not have been admitted at trial *(People v Riley,* 70 NY2d 523; *People v Adams,* 53 NY2d 241; *People v Liano,* 142 AD2d 602; *People v Osgood,* 89 AD2d 76).

Despite the foregoing, we conclude that reversal of the defendant's conviction is not warranted since the People established, by clear and convincing evidence, that the complainant had an independent source for her in-court identification of the defendant *(see, People v Riley, supra; People v Ballott,* 20 NY2d 600). Although the hearing court made no finding as to independent source, the record provides an adequate basis for this court to make its own factual determination *(see, People v Minota,* 137 AD2d 837; *People v Joy,* 114 AD2d 517). Specifically, the record reveals that the complainant observed the defendant's face and clothing as he approached her on an otherwise empty street at approximately 8:00 A.M. The defendant pushed the complainant, snatched her

purse and ran to a waiting car. The complainant was able to describe the defendant as well as the vehicle and the police were also provided with the license plate number of the vehicle. The defendant was apprehended approximately 30 seconds after the police received a radio transmission relating the details of the incident. Property which had been taken from the complainant during the robbery was ultimately recovered from the floor of the car. We find that the foregoing evidence, coupled with the complainant's unequivocal in-court identification of the defendant, renders the erroneous admission of the showup identification harmless beyond a reasonable doubt (see, People v Ballott, supra; People v Friday, 114 AD2d 970).

We have examined the defendant's remaining contention and find it to be without merit. Mangano, J. P., Eiber, Sullivan and Balletta, JJ., concur.