■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT MELENDEZ, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidel, J.), rendered May 6, 1985, convicting him of rape in the first degree (two counts), sodomy in the first degree (two counts), and kidnapping in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was charged and jointly tried with a codefendant as an accomplice, *inter alia,* for the rape, sodomy, and kidnapping of the complainant. The defendant was originally apprehended in New Jersey where, after having been advised of his *Miranda* rights *(Miranda v Arizona,* 384 US 436), he made oral statements to New Jersey State Troopers which tended to inculpate him in the acts of which he was eventually found guilty after a trial in New York. While still in the custody of the New Jersey State Police, the defendant voluntarily went to New York, where he spoke with Suffolk County Police personnel and repeated his inculpatory statements after having been advised again of his *Miranda* rights. All of the defendant's statements were admitted into evidence at trial.

The defendant argues that all of his statements should have been suppressed on the ground that there was an excessive delay in his arraignment in New Jersey where he was charged with possession of drugs and other charges, and that the New York admissions were obtained in violation of his right to counsel.

According great weight to the determination of the hearing court *(see, People v Prochilo,* 41 NY2d 759, 761; *People v Norris,* 122 AD2d 82, 83), we find that the delay in the

defendant's New Jersey arraignment was not unnecessary *(see, People v Norris, supra,* at 83), nor was it "designed to afford an opportunity for prearraignment interrogation" or "otherwise calculated to deprive defendant of his right to counsel" *(People v Wilson,* 56 NY2d 692, 694). We further conclude that the statements obtained from the defendant in New York were not obtained in violation of his right to counsel, as the record clearly demonstrates that the defendant was not represented by counsel on the then pending New Jersey criminal charges. Accordingly, a valid waiver of the right to counsel was possible *(see, People v Bartolomeo,* 53 NY2d 225, 231-232). We conclude that the hearing court properly denied suppression of the defendant's statements.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

We have considered the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Rosenblatt and Miller, JJ., concur.