■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TAFT HORN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Sherman, J.), rendered November 6, 1986, convicting him of robbery in the

first degree (two counts), robbery in the second degree (two counts), and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

It is well settled that a defendant has a right to counsel at a postindictment, prearraignment lineup, or at a lineup conducted after the filing of a felony complaint *(People v Settles,* 46 NY2d 154; *People v Samuels,* 49 NY2d 218). In addition, if the right to counsel attaches in one case, it also attaches in any related case arising out of the same criminal transaction *(People v Robles,* 72 NY2d 689). Nevertheless, the law is clear that the indelible and nonwaivable right to counsel arises only after an accusatory instrument has been filed, as this is the means by which a criminal action is formally commenced *(see,* CPL 1.20 [1], [8], [17]; *People v Samuels,* 49 NY2d 218, 221, *supra; People v Simpson,* 125 AD2d 347). At bar, there is no evidence suggesting that the felony complaint had been filed at the time the lineup was held *(see, People v Lane,* 64 NY2d 1047 [the filing and not the filling out of the felony complaint commences the prosecution for purposes of the attachment of the defendant's right to counsel]).

Moreover, there is no indication that the People caused a delay in the filing of the felony complaint, or in having the defendant arraigned, for the purpose of depriving the defendant of his right to counsel at a critical stage of the proceedings *(People v Mosley,* 135 AD2d 662, 664; *see also, People v Williams,* 112 AD2d 259, 260; *People v Wilson,* 56 NY2d 692, 694). Rather, it appears that the police attempted, in good faith, to expedite the necessary investigatory lineup *(see, People v Hawkins,* 55 NY2d 474, *cert denied* 459 US 846; *People v Wilson,* 133 AD2d 790, 791). We find that the prosecution met its burden of establishing that the delay was not calculated to deprive the defendant of his right to have counsel present at the viewing *(People v Blake,* 35 NY2d 331, 340). In addition, we reject the defendant's contention that a court order was required to remove him from Brooklyn to Queens for the purpose of conducting a lineup.

In any event, the independent evidence of the defendant's guilt was overwhelming such that any error with regard to the admission of the lineup identifications was harmless *(People v Gonzalez,* 27 NY2d 53, 57, *cert denied* 400 US 996; *People*

*v Smallwood,* 99 AD2d 819; *People v Dorch,* 152 AD2d 703; *People v Owens,* 74 NY2d 677; *People v Crimmins,* 36 NY2d 230, 237). Both of the robbery victims had a strong independent basis to support their in-court identification of the defendant. In addition, three days after the crime the defendant was stopped while driving the victim's stolen car and arrested. A gun recovered from one of the passengers was identified by the victim as the gun used during the robbery.

Finally, we decline to reduce the defendant's sentence in the interest of justice (CPL 470.15 [3]; *People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Lawrence and Kooper, JJ., concur.