■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered December 16, 1986, convicting him of burglary in the second degree (four counts), upon his plea of guilty, and

burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the record supports the hearing court's determination that the delay which ensued between his arrest and arraignment was not calculated to deprive him of his right to counsel (see, People v Dairsaw, 46 NY2d 739, 740, cert denied 440 US 985; see also, People v Hopkins, 58 NY2d 1079). The record reveals that subsequent to his arrest for burglary in the case at bar, the defendant disclosed that he had committed a series of additional burglaries in the area and offered to assist the interrogating officers by touring the neighborhood with them in order to identify the residences which he had burglarized. Under the circumstances, the foregoing revelations justified a reasonable delay so as to permit further investigation of the defendant's statements with respect to these unsolved crimes (cf., People v Hopkins, supra, at 1080; People v Borazzo, 137 AD2d 96, 100; People v Wilson, 133 AD2d 790). Moreover, while certain delays ensued after the defendant's signed confession had been obtained, the record contains no evidence that any further interrogation of the defendant took place after the recording of his confession had been completed. Accordingly, the hearing court properly concluded that the delays which occurred in this respect were not intended to facilitate additional interrogation through impermissible postponement of the defendant's arraignment.

In any event, even if the delay could be construed as improper, unwarranted "delay in arraignment without more, does not cause the accused's critical-stage right to counsel to attach automatically and, absent extraordinary circumstances, a delay in arraignment is but one factor to be considered in assessing the voluntariness of a confession" (People v Mosley, 135 AD2d 662, 663-664; People v Dairsaw, supra, at 740; People v Hopkins, supra; People v Holland, 48 NY2d 861; People v Boardman, 150 AD2d 706-707). While the defendant argues that the police officer's testimony was lacking in credibility concerning the events surrounding the interrogation, it is well settled that the hearing court's findings with respect to credibility are to be accorded great weight (see, People v Prochilo, 41 NY2d 759), and we decline to disturb the court's determination of voluntariness on the record before us.

Further, viewing the evidence in a light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find it

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The proof adduced at trial consisted of, *inter alia,* the arresting officer's testimony that upon arriving at the scene, he observed the defendant kneeling in front of a partially opened storm door with portions of his body extending through the interior door into the house. Although the defendant now suggests that the officer's testimony concerning his entry into the house was unworthy of belief, the jury permissibly found otherwise and we decline to disturb its determination in this respect. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Kunzeman, Kooper and Harwood, JJ., concur.