■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD MILLER, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cowhey, J.), rendered September 21, 1987, convicting him of burglary in the second degree, criminal mischief in the fourth degree, petit larceny, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. No questions of fact have been raised or considered.

During its deliberations, the jury sent a note to the court declaring that it had reached a deadlock on the first and second counts and a unanimous decision on the third and fourth counts. Because the note also contained the jury's vote of 11 to 1 in favor of a guilty verdict on the first and second counts, the court informed the defense counsel that it would be inappropriate to put its contents on the record at that time. The note was marked as a court exhibit and the court delivered an *Allen* charge to the jury, after which the defense counsel requested to see the note. The court denied her request.

We find that the court abused its discretion in refusing to reveal the contents of the jury's note to the defense counsel. It is settled law that messages from a jury should be disclosed to counsel and that counsel should be afforded an opportunity to be heard before the Trial Judge responds *(see, Rogers v United States,* 422 US 35, 39; *United States v Ronder,* 639 F2d 931, 934).

The proper practice, as set forth in *United States v Ronder (supra),* should include the following steps. Firstly, the jury's inquiry should be submitted in writing. This practice is the surest way of affording to the court and counsel an appropriate opportunity to confer about a response. Secondly, before the jury is recalled, the note should be marked as a court exhibit and read into the record in the presence of counsel and the defendant. This practice avoids any later claim by the defendant that he or she remained unaware of the note's contents, despite his counsel's knowledge of it. Thirdly, counsel should be afforded an opportunity to suggest appropriate responses. During this colloquy, it is also helpful for the Judge to inform counsel of the substance of the proposed response, or even to furnish a written text of it, if available. Fourthly, after the jury is recalled, the Trial Judge should generally precede his or her response by reading into the record, in the presence of the jury, the contents of any note concerning substantive inquiries. This practice assures that all jurors appreciate the question to which the response is directed, in the event that the note was not discussed among all the jurors. It also provides an opportunity to correct any failure by the foreperson to convey accurately the inquiry of one or more of the jurors, in the event that the foreperson has undertaken to author all substantive notes. On occasion, the personal nature of a note or the risk of exacerbating tensions among jurors may make it appropriate to forego reading the text of the note to the entire jury. In that event, it may be

appropriate to disclose the note to counsel in camera or even to make some redaction. Recalling the jury may be unnecessary when the inquiry concerns routine housekeeping details. Of course, if the inquiry is of an emergency nature, it may require expeditious treatment.

We also find that the trial court erred on two separate occasions when the jury declared that it had reached a partial verdict. On both occasions, the court instructed the jury to resume its deliberations, implicitly rejecting the partial verdict, but it did not instruct the jury to continue deliberations on the entire case pursuant to CPL 310.70.

In view of the foregoing, we find it unnecessary to reach the defendant's remaining contentions. Mangano, P. J., Bracken, Rubin and Rosenblatt, JJ., concur.