■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MELVIN BECKHAM, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered November 19, 1987, convicting him of murder in the second degree and conspiracy in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant was solicited by his codefendant Jayne Stamen to kill her husband, who she claimed was physically abusing her. The defendant then recruited two of his friends, the codefendants Gregory Jackson and Harvey Catanzaro, to assist him in the murder. On the evening of November 10, 1986, they staged a "house robbery" of Stamen's East Meadow home, during the course of which the defendant repeatedly struck Stamen's husband in the head with a hammer causing his death. The defendant was arrested nine days later and

made oral and written statements, including a confession, the suppression of which was later denied.

We agree with the hearing court that the delay between the defendant's arrest and arraignment was not calculated to deprive him of his indelible right to counsel and that it did not render his statements involuntary. It is well settled that "delay in arraignment, without more, does not cause [an] accused's critical stage right to counsel to attach automatically and, absent extraordinary circumstances, a delay in arraignment is but [a] factor to be considered in assessing the voluntariness of a confession" *(People v Mosley,* 135 AD2d 662, 663-664; *see, People v Hopkins,* 58 NY2d 1079; *People v Holland,* 48 NY2d 861; *People v Dairsaw,* 46 NY2d 739, *cert denied* 440 US 985).

While lengthy, the 37-hour delay was justified inasmuch as it was occasioned, in large part, by the defendant's assistance in helping the police to apprehend and identify his accomplices *(see, People v Hopkins, supra; People v Quartieri,* 171 AD2d 889; *People v Barker,* 168 AD2d 211; *People v Smith,* 161 AD2d 817, *cert denied* — US —, 111 S Ct 996; *People v Borazzo,* 137 AD2d 96; *People v Wilson,* 133 AD2d 790). The record supports the hearing court's further finding that the defendant effectively waived his *Miranda* rights, willingly talked to the detectives without the presence of counsel, and voluntarily assisted in their ongoing investigation.

Moreover, while at the precinct, the defendant also executed a statement acknowledging that he had been cooperating with the investigation and that he had the right to be arraigned immediately but was willing to delay it for the express purpose of continuing to assist the police. At the suppression hearing, the defendant did not raise any issue concerning this statement. Accordingly, his present arguments in this regard are unpreserved for appellate review *(see,* CPL 470.05 [2]). In any event, contrary to the defendant's contentions, the execution of the agreement did not constitute any type of judicial activity so as to implicate his indelible right to counsel *(see, People v Coleman,* 43 NY2d 222; *People v Boardman,* 150 AD2d 706) and there is no indication in the record that it was not voluntarily and intelligently made. Accordingly, we decline to disturb the hearing court's determination.

The defendant also contends that the trial court's answering of two oral questions posed by individual jurors in open court in the presence of the defendant and counsel, without giving prior notice of the content of the questions to defense counsel, deprived him of a fair trial. We disagree. While the proper

procedure is generally for the jury to put its inquiries in writing and for the court to afford counsel an opportunity to be heard before a response is given *(see, United States v Ronder,* 639 F2d 931; *People v O'Rama,* 78 NY2d 270; *People v Miller,* 163 AD2d 491; *People v Carballo,* 158 AD2d 701), any error here was harmless. In responding to the oral inquiries, the court merely stated that the jury was not to concern itself with whether the defendant's accomplices were charged with any crime and reiterated its main charge on aiding and abetting. It is not disputed that these responses were substantively correct. Moreover, the evidence of the defendant's guilt, which included his own confession and the testimony of the codefendant Gregory Jackson, was overwhelming. Under these circumstances, a new trial is not warranted.

We have considered the defendant's remaining contentions and find them to be unpreserved for appellate review or without merit. Kooper, J. P., Sullivan, Lawrence and Rosenblatt, JJ., concur.