■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES RENAUDETTE, Appellant.—Weiss, P. J. Appeal from a judgment of the County Court of Sullivan County (Lamont, J.), rendered April 6, 1990, upon a verdict convicting defendant of the crime of burglary in the second degree.

On June 12, 1989 Dorothy Schultes awoke shortly after 4:00 A.M. to find an intruder standing at the foot of her bed. She immediately recognized the intruder as defendant, a neighbor residing in a downstairs apartment. Defendant eventually backed out into the common area of the building, enabling Schultes to bolt the door. Upon discovering that $40 was missing from her purse, Schultes dressed fully and with the aid of a neighbor called the Sheriff. She explained the incident to the Deputy Sheriffs who arrived at approximately 5:00 A.M. and told them where defendant resided. The Deputies went to his apartment, knocked on the door, identified themselves and, when defendant opened the door, explained that they were investigating a burglary. One of the Deputies brought Schultes to the door where she immediately confirmed that defendant was the intruder. Defendant was placed under arrest and given his *Miranda* rights. He was tried and convicted of burglary in the second degree. This appeal followed.

Defendant initially contends that the police were without probable cause to make a warrantless arrest in his home. We disagree. Within minutes of the crime, the victim articulated the details of the crime to the police and identified the perpetrator. This information, derived from a reasonably trustworthy source, was itself sufficient to warrant a person of reasonable caution to believe that a crime had been committed and that defendant was the perpetrator *(see, People v Blakely,* 46 NY2d 1026; *People v McCain,* 134 AD2d 623, *lv denied* 70 NY2d 957; *see also, People v Hicks,* 38 NY2d 90, 92; *People v Beckles,* 128 AD2d 435, 441, *lv denied* 69 NY2d 1001). Defendant argues unpersuasively that exigent circumstances did not exist for the police to enter his home and make a

warrantless arrest *(see, Payton v New York,* 445 US 573). Here, the evidence showed that the police made an investigatory inquiry at the door of his apartment and that their entry was consensual. In these circumstances, wholly devoid of force, it was unnecessary to prove that exigent circumstances justified the arrest *(see, People v Levan,* 62 NY2d 139, 144-145; *People v Daly,* 180 AD2d 872).

We further disagree with defendant's contention that the identification procedure was tainted by police deception and was unduly prejudicial. Within an hour after the crime the victim, who was familiar with the perpetrator, viewed him, knew his name, described his physical appearance and was aware of which apartment he occupied within the same small building. It has been recognized that procedures less than ideal can be tolerated in the interest of prompt identification *(People v Adams,* 53 NY2d 241, 249), particularly where, as here, the identification has been made in close proximity to the crime both in time and place *(see, People v Love,* 57 NY2d 1023, 1024-1025; *People v Cole,* 100 AD2d 442, 446).

Defendant next contends that he was improperly denied a *Payton* hearing to determine the legality of the warrantless arrest made at his home *(Payton v New York, supra).* During defendant's *Huntley* hearing *(People v Huntley,* 15 NY2d 72), his counsel tried to address the *Payton* issues. County Court heard testimony describing the circumstances existing at the time of the arrest from both arresting Deputy Sheriffs, which demonstrated that defendant voluntarily opened the door to his apartment and that no force had been used in effecting the arrest. Ultimately, the court heard defendant's *Payton* argument over the prosecution's objections and ruled on the issue. Moreover, defendant failed to preserve for appellate review any objections he may have had to County Court's accommodation of his request. We see no basis to reverse on this issue in the interest of justice because defendant has failed to suggest any prejudice or to allege facts about the arrest which were not explored at the hearing when any error could have been promptly remedied had defendant expressed any objection or demonstrated any fault in the manner the issue was addressed.

Finally, we reject defendant's contention that his prison sentence of 4 to 8 years is harsh and excessive. Under the circumstances of this case and given defendant's criminal background, we cannot say that County Court abused its discretion in imposing sentence *(see, People v Mackey,* 136

AD2d 780, 781, *lv denied* 71 NY2d 899; *People v Gray,* 131 AD2d 590).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.