■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MARINELLI, Appellant. [656 NYS2d 663] —Appeal by the defendant from (1) a judgment of the County Court, Westchester County (Angiolillo, J.), rendered June 6, 1995, convicting him of grand larceny in the third degree and grand larceny in the fourth degree under Indictment No. 94-01440, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered July 19, 1995, convicting him of burglary in the second degree, petit larceny, and grand larceny in the fourth degree under Indictment No. 94-01291, upon his plea of guilty, and imposing sentence. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain statements made by the defendant to law enforcement officials.

Ordered that the judgments are affirmed.

The defendant and the codefendant were arrested for criminal possession of a controlled substance and brought to a police station house. Subsequently, the codefendant made statements implicating the defendant in thefts unrelated to the criminal possession of a controlled substance. The police then commenced an investigation into those thefts. The investigation culminated in the defendant admitting his participation in several thefts, which form the basis of the convictions now under

review. More than 24 hours after the arrest for criminal possession of a controlled substance, the defendant was arraigned on the theft crimes. The hearing court subsequently determined that the arrest of the defendant for criminal possession of a controlled substance was illegal because the arresting officer lacked probable cause to arrest the defendant. The defendant challenges, *inter alia,* the arraignment on the theft crimes and the failure to suppress his confession.

Unnecessary delay in arraignment, without more, does not cause the accused's right to counsel to attach automatically *(see, People v Hopkins,* 58 NY2d 1079; *People v Dairsaw,* 46 NY2d 739, *cert denied* 440 US 985; *People v Mosley,* 135 AD2d 662, 664). Even where a delay can be considered a suspect circumstance, "it is not necessary to conclude that the delay in and of itself required the suppression of the statement" *(People v De Jesus,* 63 AD2d 148, 154; *see also, People v Boardman,* 150 AD2d 706, citing *People v Dairsaw, supra).* Thus, on many occasions, this Court has found statements to be voluntary despite delays in arraigning a defendant, even where the delay has been as great as 37 hours *(see, People v Quartieri,* 171 AD2d 889, 891-892; *People v Burkett,* 157 AD2d 792; *People v Beckham,* 174 AD2d 748, 749; *People v Smith,* 161 AD2d 817, 818, *cert denied* 498 US 1100; *People v Melendez,* 160 AD2d 818, 819). Where, as here, the police were investigating the defendant's possible involvement in an unrelated crime, one which they were unaware of at the time of his initial arrest, a delay in arraignment was warranted *(see, People v Quartieri, supra,* at 890; *People v Borazzo,* 137 AD2d 96, 100; *People v Wilson,* 133 AD2d 790, 791).

The defendant contends that his confession was not sufficiently attenuated from his illegal arrest. We disagree. Where, as here, a person who was arrested without probable cause on one charge is confronted with evidence relating to a different charge which is not the product of the illegal arrest and thereafter confesses to the second charge, the intervening event is sufficient to remove the taint of the illegal initial detention and render his confession admissible *(see, People v Rogers,* 52 NY2d 527, 533-534, *cert denied* 454 US 898; *People v Jones,* 151 AD2d 695, 695-696; *People v Leandry,* 130 AD2d 351, 352; *People v Davis,* 120 AD2d 606).

Further, the defendant's contention that the court's *Allen* charge shifted the burden of proof is not preserved for appellate review *(see, People v Jackson,* 76 NY2d 908, 909; *People v Contes,* 60 NY2d 620, 621; *People v Thomas,* 210 AD2d 10; *People v Marero,* 208 AD2d 769; *People v Uraca,* 195 AD2d 377)

and, in any event, is without merit *(see, People v Melendez,* 205 AD2d 392).

Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt in the trial of Indictment No. 94-01440 was not against the weight of the evidence *(see,* CPL 470.15 [5]). Sullivan, J. P., Santucci, Friedmann and McGinity, JJ., concur.