THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD JOHNSON, Appellant. [679 NYS2d 830] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gerges, J.), rendered May 24, 1995, convicting him of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree (three counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's ominibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The Supreme Court properly determined that the totality of the circumstances was such that the warrantless entry into the defendant's apartment was justified (see, *People v Cloud*, 79 NY2d 786; *People v Cartier*, 149 AD2d 524, *cert denied* 495 US 906; *People v Renaudette*, 185 AD2d 450; *People v Levine*, 174 AD2d 757).

The right to counsel may be deemed to have attached if the police unnecessarily delay arraignment in a deliberate effort to deprive the defendant of counsel in order to obtain a confession (see, *People v Ortlieb*, 84 NY2d 989; *People v Hopkins*, 58 NY2d 1079). As a general rule, however, a delay in arraignment, without more, does not cause the right to counsel to attach, and is but one factor to be considered in determining whether a confession was voluntary (see, *People v Hopkins, supra*; *People v Beckham*, 174 AD2d 748). On this record, there is nothing to

support the defendant's claim that his arraignment was unnecessarily delayed in order to deprive him of the right to counsel.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80, 83).

The defendant's remaining contention is without merit. Rosenblatt, J. P., Copertino, Sullivan and Altman, JJ., concur.