■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WHITE, Appellant. [687 NYS2d 166] —Appeal by the defendant from two judgments of the County Court, Orange County (Berry, J.), both rendered May 26, 1993, convicting him of murder in the second degree (one count under Indictment No. 92-00431 and five counts under Indictment No. 92-00491), upon jury verdicts, and imposing sentences. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress statements made by him to law enforcement officials.

Ordered that the judgments are affirmed.

The hearing court properly found that the totality of the circumstances supported the conclusion that the defendant's confessions were voluntarily made and not precipitated by psychological coercion on the part of law enforcement officials (*see, People v Tarsia,* 50 NY2d 1; *cf., People v Yarter,* 50 AD2d 1019). In addition, the defendant's contention that the delay in his arraignment was for the sole purpose of depriving him of his right to counsel is meritless. As a general rule, " 'an unnecessary delay in arraignment, without more, does not cause the accused's critical stage right to counsel to attach automatically and, absent extraordinary circumstances, a delay in arraignment is but one factor to consider in assessing the voluntariness of a confession' " (*People v Quartieri,* 171 AD2d 889, 891; *People v Mosely,* 135 AD2d 662, 663-664; *see also, People v Hopkins,* 58 NY2d 1079; *People v Holland,* 48 NY2d 861). The delay in the defendant's arraignment was not designed to enable him to be questioned outside the presence of counsel, but rather was due to the defendant's disclosure of his role in serious and multiple homicides about which the details had to be obtained and verified by the police (*see, People v Beckham,* 174 AD2d 748; *People v Smith,* 161 AD2d 817, *cert denied* 498 US 1100). O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.