■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY FOSTER, Appellant. [706 NYS2d 664] —Judgment unanimously affirmed. Memorandum: County Court properly denied the motion of defendant to suppress physical evidence seized from his person at the time of his arrest. The victim of a menacing incident identified defendant by name and provided the police with a physical description. While following a vehicle closely resembling the vehicle described by the victim, the police ran a computer check that revealed that the vehicle was unregistered and properly stopped the vehicle (*see, People v Smith*, 179 AD2d 537, *lv denied* 79 NY2d 1008). Defendant, a passenger in the vehicle, was arrested by an officer who had heard the radio broadcast identifying defendant by name and physical description and who was familiar with defendant, having arrested him on a prior occasion. There is no merit to defendant's contention that the police lacked probable cause for the arrest (*see, People v Motter*, 235 AD2d 582, 586, *lv denied* 89 NY2d 1038; *People v Batista*, 197 AD2d 456, *lv denied* 82 NY2d 891; *People v Renaudette*, 185 AD2d 450, *lv denied* 81 NY2d 846). We perceive no basis to disturb the court's resolution of credibility issues (*see, People v Prochilo*, 41 NY2d 759, 761). Contrary to defendant's contention, the arresting officer did not provide conflicting testimony whether he knew defen-

dant based on the prior arrest. (Appeal from Judgment of Monroe County Court, Marks, J.—Criminal Possession Stolen Property, 4th Degree.) Present—Hayes, J. P., Wisner, Hurlbutt and Kehoe, JJ.