■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE BEALE, Appellant. [728 NYS2d 161] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered November 10, 1997, convicting him of robbery in the first degree, robbery in the second degree, attempted robbery in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his videotaped confession.

Ordered that the judgment is affirmed.

While under arrest for an unrelated crime, the defendant was put in two lineups. He gave written statements confessing to his role in two robberies, and made a videotaped confession. The defendant challenges only his videotaped confession. The defendant's contention that the delay in his arraignment was for the sole purpose of depriving him of his right to counsel is without merit. An unnecessary delay in arraignment, without more, does not cause the accused's right to counsel to attach automatically (*see, People v Hopkins,* 58 NY2d 1079, 1081; *People v White,* 259 AD2d 508; *People v Marinelli,* 238 AD2d 525, 526; *People v Beckham,* 174 AD2d 748, 749; *People v Quartieri,* 171 AD2d 889, 891; *People v Mosley,* 135 AD2d 662, 663-664). Where, as here, the police were investigating the defendant's possible involvement in two unrelated crimes, and where the delay was in part occasioned by the defendant's assistance in helping the police locate his accomplices, the delay in arraignment was warranted (*see, People v White, supra; People v Marinelli, supra; People v Beckham, supra; People v Quartieri, supra; People v Borazzo,* 137 AD2d 96).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80). Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.