■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERIBERTO SEDA, Appellant. [734 NYS2d 233] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered July 8, 1999, convicting him of attempted murder in the first degree (four counts), attempted murder in the second degree (four counts), criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is affirmed.

The defendant was taken into custody on June 18, 1996, for shooting his sister and then shooting at the police officers who had responded to the initial incident. The defendant gave a written statement to the police. However, during the interview, a police officer became suspicious of the defendant's involvement in other criminal activity when the defendant signed his statement with a certain symbol which been used by the person who had been nicknamed the "Zodiac Killer," who remained at large. Detectives familiar with the "Zodiac Killer" became involved in the investigation. After several hours of question-

ing directed at those homicides, the defendant admitted to being the "Zodiac Killer." In addition to inculpatory statements and physical evidence linking the defendant to those crimes, the defendant voluntarily accompanied detectives to areas in Queens and Brooklyn to point out specific crime scenes.

Contrary to the defendant's assertion, the hearing court properly concluded that the People proved, beyond a reasonable doubt, that his statements to law enforcement officials were voluntarily made (*see, People v Leonard,* 59 AD2d 1; *People v Huntley,* 15 NY2d 72). He was fully apprised of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436) on three separate occasions while in police custody on the subject charges. On each occasion he acknowledged his rights, waived them, and voluntarily agreed to speak with the police. Although there were times in the interview process when the defendant reclined on a bench and was unresponsive, he did not demonstrate an unequivocal and unqualified desire to remain silent so as to render any subsequent questioning unlawful (*see, People v Fitzgerald,* 275 AD2d 720; *People v Brunner,* 209 AD2d 532). Further, the police did not unreasonably delay the arraignment of the defendant. The delay, if any, was justified under the circumstances of this case (*see,* CPL 140.20 [1]; *People v Beale,* 283 AD2d 653; *People v White,* 259 AD2d 508; *see generally, People v Hopkins,* 58 NY2d 1079).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in consolidating the indictments involved in this case (*see,* CPL 200.20 [2] [b]; *People v Bongarzone,* 69 NY2d 892; *People v Mota,* 287 AD2d 744; *People v Quartieri,* 171 AD2d 889).

The defendant's remaining contentions are without merit. Friedmann, J. P., Smith, Adams and Townes, JJ., concur.