People v Nelson (2020 NY Slip Op 04970)





People v Nelson


2020 NY Slip Op 04970


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2018-00697
 (Ind. No. 2819/16)

[*1]The People of the State of New York, respondent,
v
Jermaine Nelson, appellant.


Paul Skip Laisure, New York, NY (Patterson Belknap Webb & Tyler LLP [Harry Sandick and Diana Conner], of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Ayelet Sela of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John Latella, J.), rendered November 27, 2017, convicting him of burglary in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted of burglary in the second degree and criminal mischief in the fourth degree, arising out of an incident on April 30, 2015, when the complainant awoke in the middle of the night to see an intruder coming headfirst through her bedroom window. The window screen was damaged and discarded outside, and the defendant's fingerprints were recovered from the outside of the window and from the frame of the discarded screen. The defendant appeals.
A person is guilty of burglary in the second degree when he or she knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein (see Penal Law § 140.25[2]). The element of entry is satisfied "when a person intrudes within a building, no matter how slightly, with any part of his or her body" (People v King, 61 NY2d 550, 555; see People v Brown, 101 AD3d 895, 895; People v DelCerro, 299 AD2d 160, 161; People v Smith, 161 AD2d 817, 819). The defendant contends that his conviction of burglary in the second degree was against the weight of the evidence because the People failed to prove that he actually entered the complainant's home. We disagree. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the
testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633). The jury credited the complainant's testimony that portions of the defendant's upper body entered her bedroom through the window, and we discern no reason to disturb the jury's credibility determination (see People v Hairston, 167 AD3d 935, 936; People v Braithwaite, 126 AD3d 993, 995; People v Smith, 161 AD2d at 819).
We agree with the Supreme Court's determination to admit into evidence the testimony of the expert who conducted the latent fingerprint comparison analysis which matched the defendant's fingerprints to those recovered from the scene. Contrary to the defendant's contention, a Frye hearing (see Frye v United States, 293 F 1013 [DC Cir]) was unnecessary (see People v [*2]Wilson, 107 AD3d 919, 920; People v Burnell, 89 AD3d 1118, 1122). Moreover, the court providently exercised its discretion in qualifying the People's expert (see Caprara v Chrysler Corp., 52 NY2d 114, 121; People v Okonkwo, 167 AD3d 657, 658; People v Jean-Laurent, 51 AD3d 818, 818), and the expert's opinion was "supported by a sufficient factual basis establishing that an accepted methodology was appropriately employed" (People v Jackson, 125 AD3d 1002, 1004; see Matter of Richard M., 89 AD3d 849, 850). Any weakness in the fingerprint expert's testimony went to credibility and the weight of the evidence rather than to its admissibility (see People v Jackson, 125 AD3d at 1004). Further, since the expert conducted an "independent analysis on the raw data" to arrive at his own conclusions, and his testimony was not merely "a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315), the defendant's right to confront the witnesses against him was not violated (see People v Breazil, 165 AD3d 1159, 1160; see generally People v Rawlins, 10 NY3d 136, 157; cf. People v Austin, 30 NY3d 98, 104).
The defendant's challenge to certain remarks made by the prosecutor during summation is mostly unpreserved for appellate review, since he either failed to object, failed to request further curative instructions after his objection was granted, or failed to timely move for a mistrial on the specific grounds he now asserts on appeal (see CPL 470.05[2]; People v Balls, 69 NY2d 641, 642). In any event, to the extent that the prosecutor's remarks improperly vouched for the complainant's credibility, the Supreme Court sustained defense counsel's objection, and the curative instructions provided by the court alleviated any prejudice that may have resulted from the remarks (see People v Chunn, 181 AD3d 706; People v Bossett, 45 AD3d 693, 694). The remainder of the challenged remarks were generally proper and were responsive to the defendant's summation (see People v Bailey, 58 NY2d 272, 277; People v Morrow, 143 AD3d 919, 921; People v Johnson, 76 AD3d 937, 937). To the extent any remarks were improper, they "were not so flagrant or pervasive as to deny the defendant a fair trial" (People v Almonte, 23 AD3d 392, 394; see People v Smith, 181 AD3d 826, 828).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
MASTRO, J.P., LASALLE, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court