People v Mapp (2020 NY Slip Op 07097)





People v Mapp


2020 NY Slip Op 07097


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-01195
 (Ind. No. 2805/15)

[*1]The People of the State of New York, respondent,
v
Eden Mapp, appellant.


Ronald S. Nir, Kew Gardens, NY, for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Sharon Y.
Brodt, and Russell Shapiro of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered January 9, 2018, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree and falsely reporting an incident in the third degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
At trial, the defendant asserted the affirmative defense of extreme emotional disturbance as justification for his act of stabbing the victim multiple times. By doing so, the defendant necessarily placed his state of mind at the time of the incident in issue (see People v Cass, 18 NY3d 553, 561). "[W]here a defendant puts an affirmative fact—such as a claim regarding his/her state of mind—in issue, evidence of other uncharged crimes or prior bad acts may be admitted to rebut such fact" (People v Cass, 18 NY3d 553, 561). Thus, it was not error for the court to admit evidence of the defendant's prior violence toward the victim, as it was "highly probative" and "directly relevant to defendant's extreme emotional disturbance defense in that it ha[d] a logical and natural tendency to disprove his specific claim that he was acting under an extreme emotional disturbance" at the time of the instant crimes (People v Cass, 18 NY3d at 563).
There is no merit to the defendant's contention that he was deprived of a fair trial by the admission of a letter into evidence which had been provided by prior defense counsel to the court, was purportedly written by a friend of the defendant, and was contained within the court file. During cross-examination, the defendant denied knowing the author of the letter. Thus, the letter was properly admitted during cross examination of the defendant's expert as relevant and probative to the issue of the defendant's truthfulness, since the expert admitted that he relied primarily upon the defendant's statements in determining that he had suffered an extreme emotional disturbance at the time of the crimes (see People v Scarola, 71 NY2d 769, 777). Moreover, any prejudicial effect the evidence in question may have had on the defendant was substantially outweighed by its probative value (see People v Scarola, 71 NY2d at 777; People v Louis, 192 AD2d 558). In any event, any error in the admission of the letter was harmless, as there was overwhelming evidence of the defendant's guilt of the crimes of which he was convicted, and no significant probability that the error contributed to his convictions (see People v Crimmins, 36 NY2d 230, 241-242; People v Beer, [*2]146 AD3d 895, 896-897).
The defendant's contention that his due process right to a fair trial was violated by certain statements made by the prosecutor during her summation is without merit, since the majority of the comments were fair comment on the evidence and the reasonable inferences to be drawn therefrom, or fair response to defense counsel's summation (see People v Lindsey, 172 AD3d 1233, 1234; People v Hogue, 166 AD3d 1009, 1011). To the extent the comments were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Nelson, 186 AD3d 1404; People v Wilkinson, 185 AD3d 734, 737), and were otherwise harmless (see People v McClinton, 180 AD3d 712, 714; People v McNeill, 176 AD3d 1105).
Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court