William J. Crangle, J.
The defendant claims that although he was accompanied by counsel of his choice at the time of his plea of guilty to assault in the first degree he was nevertheless deprived of his constitutional right to counsel and asks to have the resulting judgment of conviction set aside. A hearing upon the application has been held. The facts are largely undisputed.
The defendant Avas charged Avith shooting Carolyn Leonard *508 with a gun with intent to kill her. The defendant was arraigned upon the charge in police court and retained attorney Richard Insogna whom he had known for some time and who also to defendant’s knowledge had represented Carolyn Leonard on occasion. Mr. Insogna represented the defendant at all subsequent stages of the prosecution. While defendant was in jail and after an indictment had been returned charging him with assault first degree, discussions were had between him and his attorney concerning his defense. Defendant was advised in substance that it was necessary to make Carolyn Leonard unavailable to testify at the trial — “no witness — no trial”. Although defendant states that he did not agree with this strategy, he did give Mr. Insogna the money to give to Carolyn Leonard to persuade her to and to make it possible for her to leave the court’s jurisdiction before she was subpoenaed for the trial.
When the case was moved for trial in June, 1965 the District Attorney discovered that his principal witness, the victim of the shooting, was not available. The trial was postponed from time to time until in August of 1965 the case came on for trial. Mr. Insogna represented the defendant. The District Attorney produced an eyewitness to the shooting, and he identified the defendant as the man with the gun. There were other witnesses who described the victim and her actions at the time.
During a recess the defendant’s attorney announced to the court and the District Attorney that his client wished to plead guilty as charged. No promises were made by the District Attorney or any other official to induce this plea. The trial was thereupon suspended and the defendant pleaded guilty, specifically admitting the facts charged in the indictment and that no promises had been made to him to induce the plea of guilty. He was thereafter sentenced to Clinton Prison at Dannemora for a term of not less than 4 years and not more than 10 years which he is now serving.
During the delays prior to trial and during the trial an investigation was being conducted into the whereabouts of Carolyn Leonard. The Federal Bureau of Investigation was assisting in this matter, and an agent for that organization came to the courthouse on the day the defendant entered his plea of guilty and had an interview with defendant’s attorney, Richard Insogna.
■Sometime later Carolyn Leonard and Richard Insogna were indicted for conspiracy to obstruct justice and for bribery. In the early part of 1966 they were convicted upon a trial in which Frank Nelli, the defendant herein, was a principal witness. (See *509 Matter of Insogna, 26 A D 2d 774.) This defendant testified then and upon the hearing in the proceeding now before this court that immediately prior to his plea of guilty in the assault case he had a conference with his attorney and that at that time his attorney told him that he had just been questioned by an F. B. I. agent and that to protect him, that is, the attorney, the defendant would have to plead guilty as charged. The attorney, according to Nelli, also assured him that he had made a deal with the officials and that the sentence would not be more than two and one-half to five years in prison. The defendant says that he pleaded guilty in reliance upon these assurances, that he would not have done so otherwise, and that at this time he was in effect without an attorney.
Thus, the fact to be determined upon this hearing is what transpired at the conference between the defendant and his attorney just prior to the entry of defendant’s plea of guilty. I find that the defendant has not sustained his burden of proof by a fair preponderance of the credible evidence and that no misstatements, threats or promises were made to him by his attorney to induce him to plead guilty. (People v. Murphy, 20 A D 2d 222; People v. Wolfson, 9 A D 2d 940.)
Let us assume, however, that defendant’s version is correct, that such a conference took place and that the attorney made the statements attributed to him. It must also be accepted, then, that knowing full well the unethical and criminal activities of his lawyer in his case, and further now being told by his lawyer that he was out to save his own skin the defendant was willing to and voluntarily did comply with his lawyer’s request and pleaded guilty. At this point these two men were co-conspirators planning and acting to obstruct justice. Whether one was overreached by the other who temporarily got the better of the bargain they were in effect attempting to avoid detection for their criminal acts and jointly planned to further tamper with the procedures of justice in the course of entering the plea. To carry out his part of the bargain the defendant Avould be coming from the conference to the courtroom and stating to the court that no promises had been made to induce his plea. Either this was a true statement when it was made or it was in furtherance of defendant’s corrupt agreement with his laAvyer “ to get bim off the hook.”
In considering the constitutional right to counsel in a criminal case I do not believe that Ave must abandon the concept that every man is responsible for his oAvn actions and generally understands the difference between right and wrong. The constitutional rule exists to assure a fair trial to everyone accused *510 of crime. Implicit in the rule is that counsel will advise the defendant of all of his legal rights and defend his interests.
The right to counsel may be waived. When a defendant employs counsel and then enters upon a conspiracy with him to secure more than his legal right to a fair trial, he waives his constitutional right to counsel. Under such circumstances he cannot later complain that his counsel’s interests have become adverse to his. He has elected to conduct his defense with the questionable assistance of a fellow conspirator.
Thus even assuming that defendant’s version of the conference with his attorney is the correct one his application for a writ of error coram nobis setting aside the judgment of conviction must be and hereby is denied. Defendant is remanded.