■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK NELLI, Appellant.— HERLIHY, J. The appellant (hereinafter referred to as the petitioner) appeals from an order, following a hearing, which denied a writ of error *coram nobis* to vacate a judgment of conviction of assault, first degree. The said petitioner during the course of the trial elected to withdraw his plea of not guilty and entered a plea of guilty. There is no question that at all stages of the proceeding the petitioner was represented by counsel of his own choosing, that he was advised of his rights at the time of entering his plea and again at the date of sentence. The record shows that the court on these occasions inquired in detail concerning any promises in return for the plea and if the plea was voluntary, free of inducement and of petitioner's "own free will". His contention in this proceeding is that under the circumstances his counsel could not and did not fairly and adequately represent him due to a series of conflicts of interests and in effect that the petitioner was without representation. The petitioner further claims that he pleaded guilty on the assurance of his attorney that he would not be sentenced to more than 2½ to 5 years in prison. The opinion of County Court (53 Misc 2d 507, 508) succinctly states the background for the alleged conflict of interests as follows: "While defendant was in jail and after an indictment had been returned charging him with assault first degree, discussions were had between him and his attorney concerning his defense. Defendant was advised in substance that it was necessary to make Carolyn Leonard unavailable to testify at the trial — 'no witness — no trial'.

Although defendant states that he did not agree with this strategy, he did give Mr. Insogna the money to give to Carolyn Leonard to persuade her to and to make it possible for her to leave the court's jurisdiction before she was subpœnaed for the trial." The petitioner, whose record shows he has had considerable experience in the criminal courts, was fully and fairly advised of his rights; and the colloquy between him and the court at the time of the plea and sentence leaves no doubt that he thoroughly understood all the proceedings and we find no merit in his contention. If the petitioner, his attorney and another were involved in any alleged conspiracy, and if the petitioner's plea of guilty was a consequence thereof, he cannot now be heard to complain. Justice is not called upon to undo what the attempted obstruction of justice in the first instance tried to do. If the petitioner has been a "scapegoat", as he claims, and even if we were to assume his version is correct, he has only himself to blame and is not entitled to relief. Order affirmed. Gibson, P. J., Herlihy, Reynolds and Gabrielli, JJ., concur in memorandum by Herlihy, J.; Aulisi, J., concurs in the result. [53 Misc 2d 507.]