■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY WHEELER, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered April 30, 1981, convicting him of murder in the

second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Judgment affirmed.

The defendant contends that his statements should have been suppressed because the People failed to show that there was probable cause for his arrest. We disagree and find that there was probable cause to arrest the defendant for the crime of murder in the second degree. The validity of the arrest of the defendant was not affected even if the arresting officer mistakenly believed that he did not have probable cause to arrest the defendant for murder and did have probable cause to arrest him for an unrelated arson *(see, People v Lopez,* 95 AD2d 241; 2 LaFave, Search and Seizure § 5.1 [e]).

We also disagree with the defendant's contention that the prearraignment interrogation which resulted in his inculpatory statements violated his indelible right to counsel because his waiver of counsel did not take place in the presence of an attorney. Since, at the time the statements were made no criminal action had been commenced and there had not been any other significant judicial activity, the defendant's indelible right to counsel had not attached and he could validly waive his right to counsel without an attorney present *(see, People v Samuels,* 49 NY2d 218). Equally unconvincing are the defendant's arguments for suppression based on the 13-hour delay in his arraignment and the use of false statements by the police concerning the strength of the evidence against the defendant. It is well established that a delay in arraignment does not, by itself, render a statement involuntary but is merely one factor to be considered in determining whether the statement was made voluntarily *(see, People v Hopkins,* 58 NY2d 1079; *People v Dairsaw,* 46 NY2d 739, *cert denied* 440 US 985). In this case, the delay in the arraignment was justified because of the defendant's expressed willingness to answer questions concerning his alleged involvement in the instant crime *(cf. People v Williams,* 112 AD2d 259). The deception employed to obtain the confession did not include any threats or promises and was not sufficient to render the defendant's statement involuntary *(see, People v Tarsia,* 50 NY2d 1; *People v Boone,* 22 NY2d 476, *cert denied sub nom. Brandon v New York,* 393 US 991).

The evidence at the trial was sufficient to prove the defendant's guilt beyond a reasonable doubt *(see, People v Foster,* 64

NY2d 1144, *cert denied* — US —, 106 S Ct 166; *People v Gruttola,* 43 NY2d 116). The defendant's complaint concerning the admission into evidence of the statement of his codefendant is not preserved for appellate review and, in any event, is meritless *(see, People v Boyd,* 58 NY2d 1016; *People v Rastelli,* 37 NY2d 240, *cert denied* 423 US 995).

We have reviewed the defendant's remaining contentions, including those raised in his *pro se* supplemental brief, and have determined that they are without merit. Weinstein, J. P., Neihoff, Lawrence and Eiber, JJ., concur.