Randy WHEELER, Petitioner-Appellant,

v.

Walter KELLY, Superintendent of Attica Correctional Facility; Robert Abrams, Attorney General of the State of New York; and Denis Dillon, District Attorney of the County of Nassau, Respondents-Appellees.

No. 611, Docket 86–2295.

United States Court of Appeals, Second Circuit.

Argued Jan. 9, 1987.

Decided Feb. 9, 1987.

E. Thomas Boyle, P.C., Smithtown, N.Y., for petitioner-appellant.

Bruce E. Whitney, Mineola, N.Y., Asst. Dist. Atty., Nassau County (Denis Dillon, Dist. Atty., Nassau County, Anthony J. Girese, Asst. Dist. Atty., of counsel), for respondents-appellees.

Before FEINBERG, Chief Judge, TIMBERS and PIERCE, Circuit Judges.

FEINBERG, Chief Judge:

In this unusual case, petitioner Randy Wheeler, an incarcerated state prisoner, appeals from an order of the United States District Court for the Eastern District of New York, Leonard D. Wexler, J. The order granted Wheeler's petition for a writ of habeas corpus because of a five-year delay in the processing of his appeal in the state courts and directed that he be retried unless the Appellate Division of the New York State Supreme Court, Second Department, decided Wheeler's then pending appeal within two and one-half months. Appellant claims that Judge Wexler should have ordered a new trial without deferring to the state court to consider the appeal. Respondents Superintendent of Attica Correctional Facility, the Attorney General of the State of New York and the District Attorney of Nassau County do not appeal from the portion of Judge Wexler's order that granted the writ. Accordingly, the only issue before us is whether the district court abused its discretion by giving the Appellate Division an opportunity to decide the appeal. For reasons set forth below, we affirm.

I.

Since the issue before us is narrow, we need not set forth in great detail the facts or the governing law that led Judge Wexler to grant the writ of habeas corpus because of the failure of the state courts to decide Wheeler's appeal of his criminal conviction. For a fuller statement, we refer the reader to Judge Wexler's thorough opinion, reported at 639 F.Supp. 1374 (E.D.N.Y.1986). It is enough for our purposes to state the following. In April 1981, appellant was sentenced to an indeterminate term of 20 years to life after conviction by a jury of felony murder. Shortly thereafter, the Appellate Division assigned counsel to him. However, despite much prodding from appellant for over three years and two letters from the Appellate Division, assigned counsel did nothing. In early 1985, as a result of appellant's complaints, the Appellate Division assigned new counsel to appellant. That counsel was unable to obtain the transcript of appellant's trial from former counsel and for about a year did not do much either. Finally, in January 1986, Wheeler filed in the Eastern District the habeas corpus petition that is the subject of this appeal. This led to appointment of new counsel for Wheeler to represent him on the habeas petition, and a hearing before Judge Wexler in May 1986, at which five witnesses testified, including Wheeler's two state-appointed lawyers and the then Acting Chief Clerk of the Appellate Division.

While the habeas petition was pending before Judge Wexler, Wheeler's second state-appointed counsel succeeded in obtaining a copy of the transcript of appellant's trial and filed his brief in the Appellate Division on the appeal from appellant's conviction. In June 1986, that appeal was argued in the Appellate Division, and that

court granted Wheeler's request to file a pro se supplemental brief thereafter.

At about the same time, Judge Wexler issued his opinion in the federal habeas case. He described at length the inaction of Wheeler's first state-appointed counsel and the lesser, but still considerable, period of delay before his second state-appointed counsel perfected the state court appeal and filed his brief, the Appellate Division's failure to monitor the inaction of assigned counsel and the reasons for such lack of supervision, and the policy of the District Attorney of Nassau County of not moving to dismiss an appeal for lack of prosecution by defendants who are incarcerated. Citing such cases as *United States v. Johnson*, 732 F.2d 379 (4th Cir.), cert. denied, 469 U.S. 1033, 105 S.Ct. 505, 83 L.Ed.2d 396 (1984) and *Rheuark v. Shaw*, 628 F.2d 297, 303 & n. 8 (5th Cir.1980), cert. denied, 450 U.S. 931, 101 S.Ct. 1392, 67 L.Ed.2d 365 (1981), Judge Wexler concluded, after applying what he deemed to be the analogous criteria of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), that the post-conviction delay in the state appellate process denied Wheeler due process. Cf. *Roberson v. Connecticut*, 501 F.2d 305 (2d Cir.1974); *Ralls v. Manson*, 503 F.2d 491 (2d Cir.1974). However, instead of granting outright the relief appellant now seeks—a new trial—the judge, relying on considerations of comity, directed appellees to retry appellant unless the Appellate Division decided his state appeal by October 7, 1986. On September 22, 1986, the Appellate Division affirmed Wheeler's conviction, *People v. Wheeler*, 123 A.D.2d 411, 506 N.Y.S.2d 474 (2d Dept. 1986), and on November 25 Chief Judge Wachtler denied leave to appeal to the New York Court of Appeals, 68 N.Y.2d 1005 (1986). Meanwhile, Judge Wexler granted Wheeler's application for a certificate of probable cause, and this appeal followed.

## II.

The only issue before us is whether the district court abused its discretion by not unconditionally ordering a new trial.

Technically, of course, it is questionable whether the federal district court had the power to direct a retrial by state authorities. Whether or not it had such power, the usual order provides that the writ is granted and petitioner is released unless retrial commences within a specified period of time. Appellant, in effect, argues that Judge Wexler should have provided similar relief instead of allowing a decision by the Appellate Division by October 7, 1986 to deprive him of a new trial.

At first blush, it is difficult to see why appellant would be entitled to the new trial that he seeks, since that relief appears to be both too much and too little. Appellant's basic complaint is that the state authorities have prevented him from exercising his right to appeal, thereby denying him due process. The logical answer to such an argument, if it is sound, is to make that right effective. But, an order that requires, in effect, a new trial goes much further. Such an order assumes that appellant would be successful on his state-court appeal, an assumption that has proved to be erroneous. Moreover, even on that assumption, the relief of a new trial on this record would be too little. The arguments made in appellant's state court appeal were that the evidence against appellant was insufficient as a matter of law, and that appellant's oral and written confessions should have been suppressed. If appellant were successful on the former issue, he could not be retried at all as a matter of law, and if successful on the latter, could probably not be retried as a practical matter.

Appellant's position is that Judge Wexler had to order a retrial even though there was no indication that the verdict against appellant was in any way tainted and even though both parties had already submitted their main briefs and participated in oral argument in the Appellate Division. Judge Wexler's refusal to follow such a course cannot fairly be described as an abuse of discretion, even after taking full account, as the judge did, of the wrongful delay

suffered by Wheeler in the state appellate process.

 It is probably because Judge Wexler's decision was not an abuse of discretion that a significant portion of appellant's brief in this court consists of arguments not properly before us at this time. Appellant argues that Judge Wexler should not have required him "to proceed in the state appellate court with the assigned counsel who has rendered ineffective assistance, who has improperly delegated responsibility to another attorney, and in whom [appellant] has no confidence and trust." Although appellees offer a substantial response to some of these contentions,[1] it is not necessary to address them. These claims amount to an argument that appellant was denied the right to effective counsel. The argument, however, was not made in the district court and, more significantly, has not been presented to the state courts. Accordingly, we will not consider it.

We do not intend the foregoing to be taken as a criticism of appellant's present counsel, who was assigned to this case by Judge Wexler and has represented his client well. Indeed, it is quite clear that his efforts and those of counsel in a prior case raising the same basic issue, *Harris v. Kuhlman*, 601 F.Supp. 987 (E.D.N.Y.1985), have alerted the Appellate Division and the District Attorney of Nassau County to direct their continuing attention to a systemic problem of delays by assigned counsel in criminal appeals.

Judgment affirmed.

---

1. For example, appellees argue that it is not improper for assigned counsel to use another attorney to write a draft of the facts and the legal argument, especially since assigned counsel used the draft as a "starting point" and maintained full control of the content of the brief.