(April 9, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW AVERY, Appellant.—Levine, J. Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered November 16, 1983, upon a verdict convicting defendant of the crime of criminal possession of marihuana in the first degree, and (2) by permission, from an order of said court (Turner, Jr., J.), entered August 13, 1986, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant was indicted for criminal possession of a controlled substance in the seventh degree, i.e., a small quantity of cocaine, and criminal possession of marihuana in the first degree. The drugs were discovered after the State Police stopped defendant on the Thruway pursuant to a search warrant for him and his specific vehicle. The warrant was issued upon applications describing defendant's sales of illegal drugs to undercover police officers and information from a reliable informant that defendant would be driving to Ulster County to replenish his supply of such drugs from Joseph Sanchez, his regular supplier, and returning via the Thruway.

At the trial, the prosecution introduced evidence from State Police investigators that, in a preliminary search of defendant's vehicle where they stopped it on the Thruway, they discovered a canvas bag containing some 23 pounds of marihuana, placed defendant under arrest and advised him of his *Miranda* rights. Defendant and his vehicle were then transferred to State Police Troop G headquarters in Albany County, where a systematic search of the vehicle took place, unearthing a large amount of cash and a small quantity of cocaine. After again being given the *Miranda* warnings, defendant admitted his knowing possession of the marihuana and his prior dealings in drugs, but denied awareness of the existence of the cocaine in his car. He refused to sign a written confession.

Defendant advanced a defense of duress at trial, testifying that on the night preceding his arrest he had been approached by two individuals who threatened himself and his fiancée with physical harm if he did not travel to Ulster County and meet with Sanchez. He claimed that Sanchez took possession of his car and secreted the marihuana therein. Defendant claimed not to have previously known Sanchez and denied any prior involvement in drug trafficking. In rebuttal, the prosecution introduced telephone company records establishing that numerous phone calls had been made from defendant's residence to Sanchez's place of business and testimony from State Police investigators as to their purchases of controlled substances from defendant. The jury found defendant guilty on the charge of possession of marihuana but not on the cocaine possession charge, and he was sentenced to an indeterminate term of 5 to 15 years in prison.

On his direct appeal, defendant bases his arguments for reversal on contentions, *inter alia,* that the oral admissions made by him were involuntary, without proper warnings, and were obtained after his indelible right to counsel had at-

tached, that the search warrant and subsequent searches were overbroad, that he received ineffective assistance from his defense counsel, and that his sentence was harsh and excessive.

We find no merit to defendant's claim that, as a matter of law, his oral statements to State Police investigators admitting, *inter alia,* knowing possession of the marihuana were obtained in violation of his constitutional rights. Initially, we note that defendant failed to move for suppression of the statements. Accordingly, the issue of their admissibility into evidence at trial was not preserved for appellate review *(see, People v Manners,* 118 AD2d 734; *lv denied* 68 NY2d 670). Moreover, the testimony of the arresting officers, if believed, established that the statements were given only after defendant was advised of and waived his *Miranda* rights and were made voluntarily. County Court's charge to the jury, to which no objection was made, was to the effect that defendant's statements could be considered only if they were made voluntarily and after *Miranda* warnings were given and understood. Since the jury returned a verdict for the prosecution on the marihuana possession charge, it must be presumed that it credited the testimony of the arresting officers *(see, People v Tucker,* 101 AD2d 601, 602-603; *People v McNeeley,* 77 AD2d 205, 212).

Equally without merit is defendant's contention that an indelible right to counsel had attached before his arrest. The right to counsel attaches at certain critical stages of a criminal prosecution, including the commencement of formal criminal proceedings *(see, People v Hawkins,* 55 NY2d 474, 484, *cert denied* 459 US 846). Although significant judicial activity prior to the formal commencement of prosecution may trigger the right to counsel *(see, People v Smith,* 62 NY2d 306, 314), defendant's right to counsel did not attach upon the issuance of the search warrant *(see, People v Medvecky,* 95 AD2d 921). Contrary to defendant's assertion, the three-hour period between his arrest and arraignment cannot be characterized as an attempt to deprive him of his right to counsel, given his expressed willingness to talk with the investigators *(see, People v Wheeler,* 123 AD2d 411, *lv denied* 68 NY2d 1005).

As to the validity of the search and seizures, the search warrant application amply supported the existence of probable cause that various types of drugs would be secreted in defendant's automobile en route from his visit to Sanchez. Authorization to search the entire vehicle was, therefore, proper *(see,* CPL 690.15; *United States v Ross,* 456 US 798, 812-813). Nor

was there an infirmity in conducting a second, more thorough search of the vehicle at State Police headquarters, despite discovery of the marihuana during the initial search (see, *People v Lucas,* 105 AD2d 545, 548, *lv denied* 64 NY2d 1136, *cert denied* 474 US 911).

Regarding defendant's claim on direct appeal that he was denied the effective assistance of counsel, this is based upon the failure of his retained attorney to make pretrial motions to suppress and on alleged ineptitude in conducting the defense at trial. As our previous discussion demonstrates, however, the trial record clearly reveals the lack of merit of any and all objections to the admissibility of defendant's oral statements and the physical evidence seized from him. The record thus bears out counsel's strategic basis for not making the motions, that the procedure would be unavailing and would only result in disclosure of possible defense tactics which might better be reserved for the trial (see, *People v Barshai,* 100 AD2d 253, 255-256, *lv denied* 62 NY2d 804, *cert denied* 469 US 885). It is true that excerpts from the trial transcript, viewed separately, show some disorganization and inartfulness in posing questions to witnesses and making arguments to County Court on the part of counsel. Viewing the trial record as a whole, however, counsel competently and vigorously attacked the credibility of the prosecution's witnesses and pursued the defense claim of duress. The evidence of guilt of marihuana possession was overwhelming. A measure of defense counsel's effectiveness is the acquittal of defendant on the cocaine possession charge, despite discovery of the drug in his vehicle along with the marihuana. We have reviewed defendant's remaining contentions on his direct appeal, including his claim that the sentence was harsh and excessive, and find them similarly without merit.

In his motion to vacate the conviction under CPL 440.10, defendant repeats the same objections regarding the validity of his inculpatory statements and the seizure of the drugs which were made in his direct appeal. No new evidence outside the record has been submitted to alter the conclusion that his objections are meritless. In any event, since the record itself contains all of the facts upon which the resolution of these issues turns, they are inappropriate for collateral review under CPL article 440 (see, CPL 440.10 [2] [b]; *People v Cooks,* 67 NY2d 100, 104).

The major thrust of defendant's motion for postconviction relief, however, is based upon a claim that it was obtained in violation of his right to the effective assistance of counsel.

Again, much of his argument on this issue reiterates his criticisms of defense counsel's failure to make suppression motions and the latter's conduct at the trial advanced on defendant's direct appeal. Our rejection of these points need not be repeated.

Defendant's remaining and most serious charge regarding his representation is that defense counsel concocted a totally false story which he coached defendant and his witnesses, his fiancée and her mother, into testifying to in support of his principal defense of duress. Not only was this wrongful as a blatant instance of subornation of perjury, according to defendant, but it should have been recognized by defense counsel as certain to backfire. Defendant claims that it then opened the door to the prosecution's rebuttal evidence of defendant's prior drug-selling activities and contacts with Sanchez, his supplier, further prejudicing defendant's case with the jury and with County Court at sentencing. Defendant, in his moving affidavit and his additional statement submitted on the CPL 440.10 motion, now freely admits both the absence of any duress and his guilty possession of the marihuana. He claims, however, that he would not have testified in support of that defense had he been aware of the prosecution's likely knowledge of his earlier activities. This is also blamed on his attorney for failing to obtain pretrial disclosure of the search warrant applications revealing that "my activity was supposedly being monitored by undercover police and informers", which defendant alleges he first learned of "after I was convicted when I read the search warrant applications in connection with this motion".

It should be noted that, in a responsive statement from defense counsel also submitted on the CPL 440.10 motion, he categorically denied defendant's factual assertions as to being the author of defendant's fabrications and that he had failed to obtain the search warrant applications in advance of trial. Defendant asked that his motion to vacate the conviction be submitted without a hearing and, indeed, instructed his attorney to withdraw the motion if his appearance before County Court was required. Having thus blocked any opportunity to have his version of the events tested by observations of his demeanor and cross-examination, defendant can hardly object that the court found that, as a self-confessed perjurer, his averments were unworthy of belief. Moreover, his claimed naiveté before taking the witness stand is belied by the recital in his statement submitted on the CPL 440.10 motion that, prior to trial, he and defense counsel reviewed *Rosario* materi-

als from which he "discovered who the informers were, who were responsible for my arrest".

Defendant's own moving papers establish that, through his attorney's efforts, he had been made aware prior to trial of all of the material elements of the prosecution's case-in-chief, including his inculpatory oral admissions, and that the State Police had been in contact with informants who knew the full extent of his drug dealings. Defendant also concedes that his attorney had transmitted the prosecution's offer to permit him to plead to a reduced offense and receive a less severe sentence than if he was convicted after trial. He knew that he and his witnesses were committing perjury and, as a mature, rational adult, obviously was aware of the possible consequences thereof. Thus, whatever the role of defense counsel may have been in promoting the defense strategy employed at trial, it is abundantly clear that defendant made an informed decision to " 'go for broke' " *(see, People v Lane,* 60 NY2d 748, 751 [Meyer, J., concurring]), with awareness of the risks that his specious defense of duress might prove unsuccessful and of the adverse consequences thereof *(see, People v Harris,* 109 AD2d 351, 363; *see also, People v Natal,* 102 AD2d 496, 502-503). Having knowingly and willingly participated in an attempt to obstruct justice through perjured testimony, he is not in a position to ask this court to undo the consequences of his own conscious wrongdoing on the ground that he was encouraged in this attempt by his defense attorney *(see, People v Nelli,* 29 AD2d 725, 726).

Judgment and order affirmed. Mahoney, P. J., Kane, Main, Weiss and Levine, JJ., concur.