■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

EDDIE LEWIS, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Cunningham, J.), rendered March 22, 1985, convicting him of attempted rape in the first degree, sexual abuse in the first degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The police found the defendant's wallet on the floor of the complainant's apartment. When the defendant went to the police station to pick up his wallet, he was confronted by detectives. The defendant waived his *Miranda* rights and explained that he had lost his wallet at the complainant's home. The detectives asked the defendant whether anything happened between the defendant and the complainant, but the defendant said he did not want to answer that question because his answer might be incriminatory. After a few more questions, the detectives again asked the defendant if anything had happened between him and the complainant. The defendant again declined to answer and the interview was terminated.

Contrary to the defendant's contention, the police were not obligated to terminate the interview simply because the defendant declined to answer a question *(see, People v Madison,* 135 AD2d 655, 658, *affd* 73 NY2d 810). The defendant's refusal to answer a specific question cannot be considered an unqualified assertion of his right to counsel or of his right to remain silent *(People v Madison, supra,* at 658).

We have considered the defendant's remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.