THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY WRIGHT, Appellant. [646 NYS2d 131]

"[T]he law is clear that the indelible and nonwaivable right to counsel arises only after an accusatory instrument has been filed, as this is the means by which a criminal action is formally commenced" (*People v Horn,* 161 AD2d 603, 604; *see,* CPL 1.20 [1], [8], [17]; *People v Samuels,* 49 NY2d 218). Moreover, it is the filing and not the filling out of the felony complaint which commences the prosecution for purposes of the attachment of

the defendant's right to counsel (*see, People v Lane,* 64 NY2d 1047). Here, the defendant was not denied his right to counsel and the statements he made to police officers upon his arrest were properly admitted into evidence where the felony complaint was not filed until after the defendant was arrested. Moreover, the defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are unpreserved for appellate review (*see,* CPL 470.05 [2]). Pizzuto, J. P., Santucci, Altman and Hart, JJ., concur.