■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN MORTON, Appellant. [647 NYS2d 897] —Judgment unani-

mously affirmed. Memorandum: Defendant appeals from a judgment convicting him of six counts of robbery in the first degree and one count of attempted robbery in the first degree stemming from a series of armed robberies in Rochester. Defendant was sentenced as a persistent violent felony offender to consecutive terms of 25 years to life on the robbery counts and 20 years to life on the attempted robbery count, an aggregate sentence of 170 years to life. On appeal, defendant contends that his statements to the police should have been suppressed on the ground that they were elicited in violation of his right to remain silent; that County Court erred in failing to charge the defense of intoxication; and that the sentence is unduly harsh or severe.

The motion of defendant to suppress his statements was properly denied. Before being subjected to custodial interrogation, a suspect must be advised of his right to remain silent (*Miranda v Arizona*, 384 US 436, 479). A suspect's right to remain silent, once invoked, must be "scrupulously honored" (*Miranda v Arizona, supra*, at 479; *see, Michigan v Mosley*, 423 US 96, 103-104; *People v Ferro*, 63 NY2d 316, 322, *cert denied* 472 US 1007). It is well settled, however, that, in order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified (*see, People v Goss*, 162 AD2d 466, 467, *revd on other grounds* 78 NY2d 996; *People v Lewis*, 152 AD2d 600, 601; *People v Madison*, 135 AD2d 655, 658, *affd* 73 NY2d 810; *cf., Davis v United States*, 512 US 452 [holding that a suspect's request for counsel during questioning must be clear and unambiguous]).

Here, the statement of defendant, to the effect that "he really didn't want to discuss the other robberies because he was still on parole," did not constitute an unequivocal assertion of his right to remain silent. That right is not asserted where a defendant merely refuses to answer specific questions or expresses a desire to avoid certain areas of inquiry (*see, People v Baird*, 167 AD2d 693, 694, *lv denied* 77 NY2d 903). In the context of the entire interrogation, during which defendant never said that he wanted to stop talking but instead freely responded to other inquiries, defendant's statement was insufficient to notify the police of the need to halt the interview (*see, People v Madison, supra*, at 658; *People v Baird, supra*, at 694; *People v Allen*, 147 AD2d 968, *lv denied* 73 NY2d 1010, 74 NY2d 660; *People v Davis*, 91 AD2d 1191).

The court properly denied defendant's request for an intoxication charge. Viewing the evidence in the light most favorable to defendant (*see, People v Farnsworth*, 65 NY2d

734), we conclude that there is insufficient evidence of intoxication in the record for a reasonable person to entertain a doubt on the element of intent on that basis (*see, People v Rodriguez*, 76 NY2d 918, 920-921; *see also, People v Gaines*, 83 NY2d 925, 927).

Finally, in light of defendant's conduct, criminal history and status as a persistent violent felony offender, we conclude that the sentence is not unduly harsh or severe. (Appeal from Judgment of Monroe County Court, Bristol, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Wesley, Balio and Davis, JJ.