■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE FREDENBURG, Appellant. [735 NYS2d 239] —Mugglin, J. Appeal from a judgment of the County Court of Franklin County (Moynihan, Jr., J.), rendered September 29, 1998, upon a verdict convicting defendant of the crimes of sexual abuse in the third degree (three counts), endangering the welfare of a child (four counts), unlawfully dealing with a child in the first degree, sodomy in the third degree, attempted rape in the third degree and rape in the third degree.

A State Police Investigator, having received a complaint from one of two 16-year-old victims, interviewed defendant, age 33, on August 6, 1997. After receiving appropriate *Miranda* warnings, defendant gave the Investigator a statement in which he admitted engaging in sexual contact with one victim. The Investigator then issued an appearance ticket to defendant which directed him to appear at the Harrietstown Town Court on August 12, 1997. Defendant's wife, who was then present, stated in the presence of the Investigator, "I think that we need an attorney."

The following day, August 7, 1997, the Investigator again contacted defendant. In the ensuing interview, defendant again received appropriate *Miranda* warnings and he gave a further incriminatory statement. Accusatory instruments were pre-

pared and, along with the appearance ticket, were filed with the Tupper Lake Village Court at approximately 11:55 P.M. Defendant was thereafter arraigned.

On this appeal, defendant first asserts that the August 7, 1997 statement should have been suppressed since it was taken after he had asserted his right to counsel. We disagree for two reasons. First, the statement by defendant's wife was not a clear, unequivocal assertion of a desire to obtain counsel, but was simply an expression of opinion which does not invoke the right to counsel (*see, People v Rowell*, 59 NY2d 727, 730; *People v Hart*, 191 AD2d 991, 991-992, *lv denied* 81 NY2d 1014; *People v Lattanzio*, 156 AD2d 757, 759-760, *lv denied* 76 NY2d 860; *People v Bacalocostantis*, 121 AD2d 812, 813-814, *lv denied* 68 NY2d 755; *People v Sanchez*, 117 AD2d 685, 686, *lv denied* 67 NY2d 950). Second, the right to counsel is personal to defendant and he did not exercise the right (*see, People v Bing*, 76 NY2d 331, 350; *People v Davis*, 75 NY2d 517, 520; *People v Lennon*, 243 AD2d 495, 497, *appeal dismissed* 91 NY2d 942).

Next, defendant argues that the August 7, 1997 statement should have been suppressed because the filing of the appearance ticket marked the commencement of formal criminal proceedings at which the right to counsel indelibly attached (*see, People v West*, 81 NY2d 370, 373; *People v Avery*, 129 AD2d 852, 854, *lv denied* 70 NY2d 642). This argument is also unpersuasive for two reasons. First, to the extent that it depends on defendant's assertion that the appearance ticket was *filed* on August 6, 1997, it fails because the record clearly establishes it was not filed until August 7, 1997 at 11:55 P.M. Second, formal criminal proceedings are commenced by the filing of an accusatory instrument (*see, People v Stirrup*, 91 NY2d 434, 438), which an appearance ticket is not (*see,* CPL 1.20 [1], [26]; *see also, People v Fysekis*, 164 Misc 2d 627, 629). Moreover, as defendant had not yet appeared in court in response to the appearance ticket, no significant judicial activity had occurred which would give rise to the right to counsel (*see, People v Smith*, 62 NY2d 306, 312).

Lastly, we find unpersuasive defendant's assertion that the convictions should be reversed and dismissed in the interest of justice. Simply because the victims looked older than their actual age and initiated contact with defendant does not overcome the "significant State interest" in protecting young women under 17 years of age from the "adverse consequences" of sexual acts, even those that are consensual (*see, People v Halm*, 180 AD2d 841, 843, *affd* 81 NY2d 819; *People v Dozier*, 72 AD2d 478, 479, *affd* 52 NY2d 781).

Cardona, P. J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.