■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAMIEN CARRINGTON, Appellant. [802 NYS2d 688]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered February 13, 2003, convicting defendant, after a jury trial, of assault in the first degree, attempted murder in the second degree and criminal possession of a weapon in the second and third degrees, and sentencing him to a term of 25 years on the assault conviction consecutive to concurrent terms of 25 years, 15 years and 7 years on the remaining convictions, unanimously affirmed.

The court properly denied defendant's suppression motion. The detective who arrested defendant in Atlanta had probable cause to do so pursuant to the "fellow-officer rule" since he was acting at the direction of New York City police who clearly had probable cause based on information provided by eyewitnesses to the crime (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]). Defendant argues that the actual basis for his arrest was an unrelated New York warrant, which later proved to be invalid in that it had already been vacated. However, since the record objectively demonstrates the existence of probable cause, it is immaterial that the Atlanta detective subjectively believed that he could not effect an arrest without a warrant, and did not arrest defendant until after the New York police transmitted a copy of the invalid warrant at issue (*see e.g. People v Robinson*, 271 AD2d 17, 24 [2000], *affd* 97 NY2d 341 [2001]; *People v Jones*, 219 AD2d 417, 421 [1996], *affd* 90 NY2d 835 [1997]; *People v Wheeler*, 123 AD2d 411 [1986], *lv denied* 68 NY2d 1005 [1986]). Moreover, the Atlanta detective's request for a warrant was purely administrative rather than legal; he was a member of a fugitive unit that dealt only with warrants, and was required to refer to a different Atlanta command any requests for assistance regarding possible warrantless arrests. In any event, even if the arrest in Atlanta was based solely on the invalid warrant, the conduct of the lineup and subsequent statements, other than statements to the arresting officer, were sufficiently attenuated.

We perceive no basis for reducing the sentence. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and McGuire, JJ.