■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. CARUSO, Appellant. [822 NYS2d 825]—

Lahtinen, J. Appeal from a judgment of the County Court of Essex County (Berry, J.), rendered September 12, 2003, convicting defendant upon his plea of guilty of the crimes of murder in the first degree and robbery in the first degree.

At about 6:00 A.M. on August 30, 2001, defendant used a high-powered hunting rifle to shoot at close range and kill a teenage victim as he slept at a rest stop along Interstate 87 in Essex County. Two days earlier, defendant had inflicted fatal gunshot wounds upon his stepuncle in Sullivan County (*People v Caruso*, 6 AD3d 980 [2004], *lv denied* 3 NY3d 704 [2004]). Defendant fled the Essex County crime scene in the victim's car. He was arrested in Delaware County by State Police at about 3:00 P.M. on August 30, 2001. Defendant gave several confessions regarding his criminal activities, including oral and written statements to Kevin More, the arresting officer, and a later written statement given at 12:30 A.M. on August 31, 2001 to Jon Denny, a police investigator who had arrived from Essex County.

He was indicted on a host of charges in both counties, including first degree murder. His attorney in Essex County moved to suppress his confessions and, following a hearing, County Court (Halloran, J.) suppressed the confessions to More upon the ground that they violated defendant's right to remain silent, but refused to suppress the one to Denny, finding that sufficient time had passed to purge the taint of the earlier statements. Thereafter, defendant pleaded guilty to murder in the first degree and robbery in the first degree in satisfaction of the 12-count indictment in Essex County. He did not waive his right to appeal and now appeals arguing that all his confessions should have been suppressed as violative of his right to counsel and his right to remain silent.

We turn first to defendant's argument that his right to counsel was violated. "There are two well-defined situations in which the right [to counsel] is said to attach indelibly under the State Constitution and a waiver, notwithstanding the client's right to waive generally, will not be recognized unless made in the presence of counsel" (*People v Bing*, 76 NY2d 331, 339

[1990]). "First, it arises when formal judicial proceedings begin, whether or not the defendant has actually retained or requested a lawyer [and] [s]econd . . . when an uncharged individual 'has actually retained a lawyer in the matter at issue or, while in custody, has requested a lawyer in that matter' " (*People v Ramos*, 99 NY2d 27, 32-33 [2002], quoting *People v West*, 81 NY2d 370, 373-374 [1993] [internal citations omitted]).

Defendant argues that his indelible right to counsel attached prearrest when, at about 1:15 P.M. on August 30, 2001, a local town justice from the Town of Delaware, Sullivan County, signed an arrest warrant while in the Town of Thomson, Sullivan County. However, at the *Huntley* hearing it was established that the arrest warrant was marked withdrawn within 15 minutes or less of the time it was signed, it was not filed, it was signed while the justice was outside his jurisdiction, and defendant had been neither apprehended nor were his whereabouts known until about 3:00 P.M. that day. Under such circumstances, we agree with County Court that defendant's right to counsel had not indelibly attached prearrest (*see People v Motter*, 235 AD2d 582, 586 [1997], *lv denied* 89 NY2d 1038 [1997]; *see also People v Johnson*, 303 AD2d 903, 905 [2003], *lv denied* 100 NY2d 539 [2003]; *People v Fredenburg*, 289 AD2d 868, 869 [2001]; *People v Wright*, 228 AD2d 709, 709 [1996], *lv denied* 89 NY2d 948 [1997]). To the extent that there is merit to defendant's contention that significant judicial activity occurred, the attachment of counsel based upon such activity is waivable (*see People v Johnson, supra* at 905; *People v Motter, supra* at 586) and, here, defendant made repeated knowing and voluntary waivers.

Next, defendant argues that his right to remain silent was violated and, thus, all his statements to police on August 30 and 31, 2001 should have been suppressed. We disagree, although for a different reason than that set forth by County Court (*see People v Wheeler*, 2 NY3d 370, 373 [2004]). The right to remain silent, which is scrupulously honored once asserted, nonetheless requires a defendant to be unequivocal and unqualified when invoking the right (*see People v Logan*, 19 AD3d 939, 941 [2005], *lv denied* 5 NY3d 830 [2005]; *People v Powell*, 13 AD3d 975, 976 [2004], *lv denied* 4 NY3d 889 [2005]; *People v Sprague*, 267 AD2d 875, 879 [1999], *lv denied* 94 NY2d 925 [2000]).

Here, defendant was arrested at 3:00 P.M. by More, who handcuffed defendant and had him positioned facedown on the ground while waiting for reinforcements. More testified that he read defendant his *Miranda* rights and defendant stated that he understood his rights. He asked defendant whether he wished to speak at that time and defendant responded, "Not right now."

Other officers arrived and, as defendant was being transported to the police station about 20 minutes later, More inquired whether he wanted to tell his side of the story. Defendant proceeded to give an oral statement. Upon arriving at the station, More and another officer, Michael MacInerney, interviewed defendant and prepared a written statement which again set forth defendant's *Miranda* rights. Defendant initialed by each of the *Miranda* rights and signed the statement at 4:39 P.M. Defendant remained in an office with MacInerney until officers arrived from Essex County, including Denny. Denny administered *Miranda* warnings to defendant and then commenced an interview with him that culminated in a second statement (including initialed *Miranda* warnings) that defendant signed at 12:30 A.M. on August 31, 2001.

Defendant's first response to the question of whether he wished to speak (i.e., "Not right now") was temporally qualified, it did not clearly communicate a desire to cease all questioning indefinitely and, in fact, connoted that speaking could be considered at a later time. At the time of the initial inquiry, defendant was lying on the ground, having just been arrested. Once he was in the police car and riding to the station, he was asked whether he then wanted to tell his side of the story, and he freely did so. In light of the initial equivocal response and when considered in the context of the relevant circumstances, we are unpersuaded that defendant's statements were given in violation of his right to remain silent (*see People v Cody*, 260 AD2d 718, 719-720 [1999], *lv denied* 93 NY2d 1002 [1999]; *People v Morton*, 231 AD2d 927, 928 [1996], *lv denied* 89 NY2d 944 [1997]; *People v Goss*, 162 AD2d 466, 467 [1990], *revd on other grounds* 78 NY2d 996 [1991]; *see also State v Bieker*, 35 Kan App 2d 427, 432, 132 P3d 478, 481-482 [2006]; *State v Sabetta*, 680 A2d 927, 932 [RI 1996]). It is thus not necessary to address the separate ground—relied upon by County Court— that the statement given to Denny was sufficiently removed in time so as not to violate defendant's right to remain silent (*see People v Logan, supra* at 941-942; *People v Schojan*, 272 AD2d 932, 933 [2000], *lv denied* 95 NY2d 871 [2000]).

Peters, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.