# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

436
KA 06-02623
PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DAVID M. ZACHER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (STEPHEN X. O'BRIEN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), rendered May 26, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts) and assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and one count of assault in the first degree (§ 120.10 [1]), arising from an incident in which he stabbed his wife and two daughters. Defendant contends that Supreme Court erred in refusing to suppress certain statements that he made in response to questioning by a police officer while he was in custody and after he had been given *Miranda* warnings because that officer continued questioning defendant after he invoked his right to remain silent. We reject that contention. "It is well settled . . . that, in order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified" (*People v Morton*, 231 AD2d 927, 928, *lv denied* 89 NY2d 944; *see People v Caruso*, 34 AD3d 860, 862, *lv denied* 8 NY3d 879). Whether that request was "unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant" (*People v Glover*, 87 NY2d 838, 839). The court's determination that defendant did not unequivocally invoke his right to remain silent is "granted deference and will not be disturbed unless unsupported by the record" (*People v Kuklinski*, 24 AD3d 1036, 1036, *lv denied* 7 NY3d 758, 814; *see People v Twillie*, 28 AD3d 1236, 1237, *lv denied* 7 NY3d 795), which is not the case here.

Defendant further contends that the testimony of another police officer that defendant did not speak after the police arrived at the scene of the stabbings, placed him in handcuffs and put him in a police vehicle was improperly offered as evidence of his consciousness of guilt. We reject that contention inasmuch as such testimony was part of the officer's observations at the crime scene and was also offered as evidence of defendant's demeanor and mental state when the police encountered him (*cf. People v Von Werne*, 41 NY2d 584, 588). We agree with defendant, however, that the prosecutor's cross-examination of him regarding his silence at the crime scene and the prosecutor's later references to that silence during summation improperly characterized defendant's silence as evidence of his consciousness of guilt (*see People v Shelton*, 209 AD2d 963, 964, *lv denied* 85 NY2d 980). Nevertheless, we conclude that such misconduct is harmless. In light of the overwhelming proof of defendant's guilt, which included inculpatory statements defendant made on the telephone with the 911 operator and in response to custodial interrogation following *Miranda* warnings, we conclude that there is no reasonable possibility that the misconduct contributed to defendant's conviction (*see People v McLean*, 243 AD2d 756, 756-757, *lv denied* 91 NY2d 928; *People v Sutherland*, 219 AD2d 523, 525, *lv denied* 87 NY2d 908, 88 NY2d 886; *see generally People v Crimmins*, 36 NY2d 230, 237).

We reject defendant's contention that the court erred in refusing to suppress the statements that he made in response to questions asked during the intake process at the police station prior to receiving his *Miranda* warnings. While some of the questions that defendant was asked, such as whether anyone was at his home that evening, were not routine booking questions (*see generally People v Rodney*, 85 NY2d 289, 293), "questions asked of the defendant at the time of his [or her] arrest, although prior to the requisite warnings, [are] nevertheless permissible [when] they [are] asked to clarify a volatile situation rather than to elicit evidence of a crime" (*People v Johnson*, 59 NY2d 1014, 1016).

Defendant further contends that he was denied a fair trial because he was unable to assist in his defense in an adequate manner as a result of dissociative amnesia with respect to the events surrounding the stabbings. We reject that contention. The court appropriately compensated for defendant's amnesia by, inter alia, granting expanded pretrial disclosure, and the court conducted the requisite post-trial inquiry to assess whether defendant's amnesia impaired his defense. After conducting that post-trial assessment, the court properly concluded that defendant was competent to stand trial and that he had received a fair trial and effective assistance of counsel (*see generally People v Phillips*, 16 NY3d 510, 515 n 2; *People v Francabandera*, 33 NY2d 429, 436 n 4; *Wilson v United States*, 391 F2d 460, 463-464). We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  July 6, 2012                          Frances E. Cafarell
                                                Clerk of the Court