# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1164**
**KA 12-01368**
PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

FRANK L. FLOWERS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered June 13, 2012. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of sexual abuse in the first degree (Penal Law § 130.65 [3]), defendant contends that he was denied his right to be present during a material stage of the trial. We reject that contention. "Defendant concedes that the pretrial conference[ was] held to discuss a possible plea bargain, and thus his presence was not required" (*People v Daugherty*, 289 AD2d 1029, 1030; *see People v Elliot*, 299 AD2d 731, 733-734).

Defendant further contends that a police detective continued to question him after he invoked his right to remain silent, and that County Court therefore erred in refusing to suppress the video recording of his interrogation. We also reject that contention. " 'It is well settled . . . that, in order to terminate questioning, the assertion by a defendant of his right to remain silent must be unequivocal and unqualified' " (*People v Zacher*, 97 AD3d 1101, 1101, *lv denied* 20 NY3d 1015). The issue whether such a "request was 'unequivocal is a mixed question of law and fact that must be determined with reference to the circumstances surrounding the request[,] including the defendant's demeanor, manner of expression and the particular words found to have been used by the defendant' " (*id.*, quoting *People v Glover*, 87 NY2d 838, 839). Here, we agree with the People that defendant "did not clearly communicate a desire to cease all questioning indefinitely" (*People v Caruso*, 34 AD3d 860, 863, *lv denied* 8 NY3d 879). Rather, he merely indicated that he did

not want to discuss certain topics broached by the detective, which does not constitute an unequivocal assertion of the right to remain silent (*see People v Morton*, 231 AD2d 927, 928, *lv denied* 89 NY2d 944; *see also People v Allen*, 147 AD2d 968, 968, *lv denied* 73 NY2d 1010, *reconsideration denied* 74 NY2d 660), especially in light of his continued participation in the conversation.  In any event, we conclude that any error in admitting the challenged statements is harmless (*see generally People v Clyde*, 18 NY3d 145, 153-154, *cert denied* ___ US ___, 132 S Ct 1921; *People v Crimmins*, 36 NY2d 230, 237).

Defendant failed to request a jury charge on the voluntariness of his statements and did not object to the court's failure to give such a charge, and he thus failed to preserve for our review his contention that the court erred in failing to do so (*see* CPL 470.05 [2]; *People v Burch*, 256 AD2d 1233, 1233, *lv denied* 93 NY2d 871).  We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Contrary to defendant's further contention, the court did not err in admitting photographs of the victim's injured vagina in evidence. "[P]hotographs are admissible if they tend 'to prove or disprove a disputed or material issue, to illustrate or elucidate other relevant evidence, or to corroborate or disprove some other evidence offered or to be offered' " (*People v Wood*, 79 NY2d 958, 960).  Here, defendant was initially charged with predatory sexual assault against a child, which, insofar as relevant here, required that the People establish that he "commit[ed] the crime of rape in the first degree" (Penal Law § 130.96).  That crime required that the People prove that defendant "engage[d] in sexual intercourse with another person . . . [w]ho is less than eleven years old" (§ 130.35 [3]), and sexual intercourse "has its ordinary meaning and occurs upon any penetration, however slight" (§ 130.00 [1]).  Thus, inasmuch as the photographs were "probative on the issue of penetration, corroborated the infant victim's . . . testimony, and illustrated the medical testimony" (*People v Stebbins*, 280 AD2d 990, 990, *lv denied* 96 NY2d 925), there was no error in their admission.

We reject defendant's additional contention that the court abused its discretion in adjudicating him a persistent felony offender and in imposing a life sentence (*see People v Smart*, 100 AD3d 1473, 1475, *affd* 23 NY3d 213; *People v McCullen*, 63 AD3d 1708, 1709, *lv denied* 13 NY3d 747).  The sentence is not unduly harsh or severe.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court