People v Lewis (2019 NY Slip Op 09023)





People v Lewis


2019 NY Slip Op 09023


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
BETSY BARROS, JJ.


2014-01357
 (Ind. No. 1868/11)

[*1]The People of the State of New York, respondent,
v
Richard Lewis, appellant.


Edwin Ira Schulman, Kew Gardens, NY, for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and John F. McGoldrick of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Joseph A. Zayas, J.), rendered January 13, 2014, convicting him of criminal sexual act in the third degree (two counts), sexual abuse in the third degree (three counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. 
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The defendant was charged with attempted rape in the second degree (two counts) and criminal sexual act in the third degree (two counts), among other crimes. The complainant, the defendant's stepdaughter, was between the ages of 12 and 14 when the offenses allegedly occurred. After a jury trial, the defendant was acquitted of the attempted rape charges but was found guilty of two counts of criminal sexual act in the third degree, three counts of sexual abuse in the third degree, and endangering the welfare of a child.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the New York Constitution since, viewing defense counsel's performance in totality, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 146-147). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (see Strickland v Washington, 466 US 668).
The defendant's contention that he was deprived of his due process right to a fair trial by the admission of certain bolstering testimony is unpreserved for appellate review (see CPL 470.05[2]), and, in any event, without merit.
The defendant contends that the admission into evidence of photographs depicting the complainant's genitals and anus was unduly prejudicial. Although his contention is unpreserved for appellate review (see CPL 470.05[2]), we nevertheless reach the issue in the exercise of our [*2]interest of justice jurisdiction.
"Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370; see People v Wood, 79 NY2d 958, 960). Here, the complainant's pediatrician, who was called as a witness by the prosecutor, testified that there were no injuries to the complainant's genitals or anus, and that she did not expect to see any injury based upon the complainant's report. Nevertheless, the prosecutor then asked the pediatrician to approach the jurors and display the photographs to them. Under the circumstances of this case, the photographs were irrelevant, and served no purpose other than to inflame the emotions of the jury and to introduce into the trial an impermissible sympathy factor (see People v Donohue, 229 AD2d 396, 398; cf. People v Skeen, 139 AD3d 1179, 1181-1182; People v Flowers, 122 AD3d 1396, 1397-1398; People v Clarke, 110 AD3d 1341, 1344). The error was then compounded when the prosecutor argued in summation that the complainant had to "get on a table and open up her legs and have her genitals photographed to be shown to 15 strangers . . . What did she gain out of this? Nothing." The improper admission of the photographs cannot be deemed harmless under the circumstances of this case (see People v Crimmins, 36 NY2d 230).
Since there must be a new trial, we note that, although the issue is unpreserved for appellate review, the prosecutor engaged in multiple instances of improper conduct during summation (see People v Robles, 174 AD3d 653, 654-655). For instance, the prosecutor attempted to arouse the sympathies of the jurors (see People v Flores, 165 AD3d 695, 697). Additionally, while discussing the character of the defendant, who was a church pastor at the time of trial, the prosecutor referenced the sexual abuse scandals involving the Catholic Church and Orthodox Jewish communities. The prosecutor also pointed out that during jury selection, a prospective juror expressed that she did not feel comfortable sitting on this case because of all the priests who have gotten away with child abuse, and that another prospective juror stated that a family member was raped by a member of the clergy. "[I]n summing up to the jury, counsel must stay within the four corners of the evidence and avoid irrelevant and inflammatory comments which have a tendency to prejudice the jury against the accused" (People v Bartolomeo, 126 AD2d 375, 390 [internal quotation marks omitted]; see People v Ashwal, 39 NY2d 105, 109-110). 
In light of our determination, we need not reach the defendant's remaining contention.
RIVERA, J.P., BALKIN, ROMAN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court