■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN W. HOPKINS, Appellant, v JAMES STINSON, as Superintendent of Great Meadow Correctional Facility, Respondent. [679 NYS2d 716] —Mikoll, J. P. Appeal from an order of the Supreme Court (Hemmett, Jr., J.), entered March 25, 1997 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 70, without a hearing.

Petitioner was tried on three separate indictments in 1980 and 1981 resulting in convictions for kidnapping in the first degree, felony murder, rape in the first degree, attempted murder in the second degree, assault in the second degree and murder in the second degree (two counts). All of the convictions were affirmed by this Court (*People v Hopkins*, 96 AD2d 957; *People v Hopkins*, 95 AD2d 870; *People v Hopkins*, 86 AD2d 937, *affd* 58 NY2d 1079). Petitioner's application for a writ of habeas corpus alleges that his appeals were never legally finalized because, during those appeals, the District Attorneys of Fulton and Montgomery Counties illegally delegated the duties and powers of their offices to the Division of Criminal Justice Services (hereinafter DCJS). Petitioner argues that this Court should have, *sua sponte*, disqualified DCJS from participating in his appeals, stricken briefs filed by DCJS and disallowed them from presenting oral arguments. Petitioner also contends that the publicity before and during his trials denied him of a fair trial. Supreme Court dismissed petitioner's application and this appeal ensued.

We affirm. Supreme Court correctly rejected petitioner's argument that his appeals to this Court were not finalized because DCJS illegally prosecuted and participated in the appeals. Even if petitioner's argument is meritorious, the only remedy to which petitioner would be entitled would be de novo appeals on his multiple convictions; he would not be entitled to immediate release and, therefore, habeas corpus relief does not lie (*see, People ex rel. Fuentes v Commissioner of Correction of City of N. Y.*, 60 NY2d 648). In any event, we find no merit to petitioner's underlying argument. While it is true that the power and duty to conduct all prosecutions is within the responsibility of the District Attorney (*see*, County Law § 700), Executive Law § 837 (5-a) provides that DCJS is statutorily authorized to provide a District Attorney's office with "supportive services" that are deemed "appropriate to promote the effective performance of his * * * prosecutorial functions". In this case, DCJS acted within its statutory authority by preparing appellate briefs and presenting oral arguments on behalf of the District Attorneys of Fulton and Montgomery Counties. In light of this conclusion, petitioner's alternative request to convert this proceeding to a writ of coram nobis is denied.

Equally unavailing is petitioner's claim that Supreme Court erred by failing to conduct a hearing on his allegation that his trials were saturated with prejudicial publicity, thus depriving him of his constitutional right to a fair trial. While habeas corpus is an appropriate remedy for one who has been denied a

fair trial because of prejudicial publicity (*see, People ex rel. Rohrlich v Follette*, 20 NY2d 297), petitioner has wholly failed to establish that a hearing on this claim was warranted. Petitioner's conclusory, self-serving allegations that the media coverage of his trials was "intensive and in nearly every instance * * * slanted in favor of the prosecution" is entirely unsubstantiated, lacking any evidence whatsoever in the record that would support this claim of prejudice. Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, without costs.