■ In the Matter of LENARD BERRIAN, Appellant, v GEORGE DUNCAN, as Superintendent of Great Meadow Correctional Facility, Respondent. [733 NYS2d 790] —Appeal from a judgment of the Supreme Court (Berke, J.), entered December 27, 2000 in Washington County, which, *inter alia*, converted petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, into a proceeding pursuant to CPLR article 78 and dismissed the petition.

In September 2000, petitioner applied to Supreme Court for a writ of habeas corpus, seeking his release from the Special Housing Unit (hereinafter SHU) at Upstate Correctional Facility in Washington County. This penalty was imposed following an administrative determination finding him guilty of violating the prison disciplinary rules that prohibit the misuse and altering of State property after a search of his cell disclosed a pair of the facility's headphones that had been altered. Supreme Court denied petitioner's application for a writ of habeas corpus and converted the matter into a CPLR article 78 proceeding to review the determination that had resulted in petitioner's confinement in the facility's SHU. The court then confirmed the determination and dismissed the petition.

We affirm. Petitioner's application for a writ of habeas corpus was properly denied on the ground that it would not have brought about his immediate release from custody (*see, People ex rel. Dawson v Smith*, 69 NY2d 689, 690-691; *People ex rel. Hopkins v Stinson*, 253 AD2d 987, 988, *lv denied* 93 NY2d 803). Similarly, the converted CPLR article 78 proceeding seeking review of the prison disciplinary determination was properly dismissed. We are unpersuaded by petitioner's contention that the determination was obtained without fair notice of the prohibited misconduct because he was not in possession of a Department of Correctional Services Standards of Inmate Behavior Rule Book. The record contains copies of receipts signed by petitioner showing that he previously received copies of the Inmate Behavior Rule Book at other facilities in 1997 and 1999. Proof that an inmate has previously received a copy of the Rule Book at another correctional facility has been held to obviate the need to reissue the book to him or her upon a subsequent transfer (*see, Matter of Johnson v Racette*, 282 AD2d 899, 900; *Matter of Di Rose v New York State Dept. of Correction*, 228 AD2d 868, 869). Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Peters, Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.