# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1300**
**CA 14-00357**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF THE NONHUMAN RIGHTS
PROJECT, INC., ON BEHALF OF KIKO,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

CARMEN PRESTI, INDIVIDUALLY AND AS AN
OFFICER AND DIRECTOR OF THE PRIMATE
SANCTUARY, INC., CHRISTIE E. PRESTI,
INDIVIDUALLY AND AS AN OFFICER AND
DIRECTOR OF THE PRIMATE SANCTUARY, INC.
AND THE PRIMATE SANCTUARY, INC.,
RESPONDENTS-RESPONDENTS.

---

STEVEN M. WISE, CORAL SPRINGS, FLORIDA, OF THE MASSACHUSETTS BAR,
ADMITTED PRO HAC VICE, AND ELIZABETH STEIN, NEW HYDE PARK, FOR
PETITIONER-APPELLANT.

---

Appeal from a judgment (denominated order) of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered December 11, 2013 in a proceeding pursuant to CPLR article 70. The judgment dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, an organization seeking better treatment and housing of, inter alia, nonhuman primates, commenced this proceeding seeking a writ of habeas corpus on behalf of Kiko, a chimpanzee. Rather than seeking Kiko's immediate release, however, the petition alleges that Kiko is illegally confined because he is kept in unsuitable conditions, and it seeks to have Kiko's confinement transferred to a different facility selected by The North American Primate Sanctuary Alliance. On appeal from a judgment dismissing the petition, petitioner contends that Kiko is entitled to the relief sought. Contrary to petitioner's contention, we conclude that Supreme Court properly dismissed the petition.

Regardless of whether we agree with petitioner's claim that Kiko is a person within the statutory and common-law definition of the writ, " 'habeas corpus relief nonetheless is unavailable as [that] claim[], even if meritorious, would not entitle [Kiko] to immediate release' " (*People ex rel. Gonzalez v Wayne County Sheriff*, 96 AD3d 1698, 1699, *lv denied* 21 NY3d 852; *see People ex rel. Shannon v*

*Khahaifa*, 74 AD3d 1867, 1867, *lv dismissed* 15 NY3d 868; *People ex rel. Hall v Rock*, 71 AD3d 1303, 1304, *appeal dismissed* 14 NY3d 882, *lv denied* 15 NY3d 703).  It is well settled that a habeas corpus proceeding must be dismissed where the subject of the petition is not entitled to immediate release from custody (*see People ex rel. Kaplan v Commissioner of Correction of City of N.Y.*, 60 NY2d 648, 649; *People ex rel. Douglas v Vincent*, 50 NY2d 901, 903).  Here, petitioner does not seek Kiko's immediate release, nor does petitioner allege that Kiko's continued detention is unlawful.  Rather, petitioner seeks to have Kiko placed in a different facility that petitioner deems more appropriate.  Consequently, even assuming, arguendo, that we agreed with petitioner that Kiko should be deemed a person for the purpose of this application, and further assuming, arguendo, that petitioner has standing to commence this proceeding on behalf of Kiko, this matter is governed by the line of cases standing for the proposition that habeas corpus does not lie where a petitioner seeks only to change the conditions of confinement rather than the confinement itself (*see generally People ex rel. Dawson v Smith*, 69 NY2d 689, 690-691; *Matter of Berrian v Duncan*, 289 AD2d 655, 655; *People ex rel. McCallister v McGinnis*, 251 AD2d 835, 835).  We therefore conclude that habeas corpus does not lie herein.

Entered:  January 2, 2015                    Frances E. Cafarell
                                             Clerk of the Court